### N. A. DUNN, III, v. ROSALIE JOHNSON DUNN.

(Filed 10 July 1968.)

**1. Divorce and Alimony § 21—**

A contract under which the husband agrees to pay the wife specified sums for her support may not be enforced by contempt proceedings even though the agreement is approved by the court, but where a court having jurisdiction of the parties and the cause of action orders the husband to make specified payments for the wife's support, his wilful failure to comply with the court's judgment subjects him to contempt proceedings notwithstanding the judgment was based upon the parties' agreement and was entered by consent.

**2. Same—**

Where the husband filed for an absolute divorce and the wife cross-claimed for alimony, a judgment entered by the court with the consent of the parties requiring the husband to make support payments to the wife is enforceable by contempt proceedings.

**3. Divorce and Alimony §§ 16, 19—**

Where a divorce action was instituted by the husband prior to the effective date of G.S. 50-16.9(b), the wife cross-claimed for alimony, an order was entered requiring the husband to make periodic payments for the wife's support, and the husband was subsequently granted an absolute divorce, G.S. 50-16.9(b) does not relieve the husband from making such support payments upon the wife's remarriage since the statute does not apply to litigation pending at its effective date. Chapter 1152, § 9, Session Laws of 1967.

**4. Divorce and Alimony § 23—**

An order giving the husband custody of the children of the marriage and providing that at the times the children visit the wife for periods of 24 hours or longer the husband shall pay the wife $10.00 for their support, *is held* to require the husband to pay only $10.00 for each visit by the children which lasts at least 24 hours regardless of how long beyond that time the visit lasts and not to require the payment of $10.00 per day during each visit.

APPEAL by plaintiff from *Carr, J.,* 26 March 1968 Session of WAKE Superior Court.

This civil action was instituted on 3 September 1963. In his complaint, plaintiff prayed for absolute divorce on the ground of two-years separation; he alleged that five children were born to the marriage and were in plaintiff's custody pursuant to an order of the Wake County Domestic Relations Court. Defendant filed answer in which she pled a cross-action for alimony.

On 25 November 1964, a judgment consented to by the parties and their attorneys was entered by Copeland, J., requiring the plaintiff to pay defendant $4,000 in full satisfaction of his obligation and duty to support the defendant; the judgment provided that the

$4,000 would be payable in certain annual installments, with the last installment being due on or before 1 January 1969. The judgment also provided that plaintiff would have the custody of the five children with defendant having certain visitation rights and contained the following provision: "At the times that the said children visit with Rosalie Johnson Dunn for periods of 24 hours or longer, Nathaniel Alonzo Dunn, III, shall pay to Rosalie Johnson Dunn $10.00 for their support and, in the event that only part of the children are visiting the support shall be prorated accordingly."

On 26 November 1964, defendant withdrew her further answer and cross-action and plaintiff was awarded an absolute divorce.

On 27 September 1967, defendant filed a motion in the cause, asking that plaintiff be required to show cause why he should not be punished for contempt for violating the terms of the 25 November 1964 judgment. In an affidavit attached to her motion, defendant set forth various dates on which the children had visited her and the amount she contended plaintiff owed her. She contended that the proviso in the judgment quoted above regarding payments of $10.00 for periods of 24 hours or longer should be construed to mean that plaintiff would pay her $10.00 for each 24 hours that the children spent with her. She alleged that plaintiff owed her $570.00.

An order to show cause was entered by Canaday, J., on 27 September 1967, and on 3 October 1967, plaintiff filed a demurrer to the motion to show cause for the reason that the motion was based on a consent judgment and, therefore, not punishable by contempt. Plaintiff also filed a reply and countermotion to the motion to show cause in which he alleged that defendant has twice married since the parties were divorced and that defendant is now living with her third husband. In his reply, plaintiff prayed that the contempt citation be dismissed, that he be relieved of making further payments on the $4,000 provided for defendant in the original judgment for the reason that defendant has remarried, that he be relieved of making visitation weekend support for the children, and that he recover judgment against the defendant for $1,000 paid her since her remarriage.

Following a hearing, Carr, J., entered an order on 27 March 1968 in which he overruled plaintiff's demurrer, postponed determination as to whether plaintiff was in contempt, denied plaintiff's motion that he be relieved of further payments to defendant on the $4,000, and adjudged that the clause "for a period of 24 hours or longer" in the original judgment means support "for each full 24-hour period" that the children visit the defendant. Judge Carr found that plaintiff owed defendant $570.00 for the weekend visit support of the children, but provided that plaintiff could purge him-

self of possible contempt by paying the defendant $300.00 within thirty days from the date of the order; he also modified the 25 November 1964 judgment by relieving plaintiff of the requirement of making payments for the support of the children while visiting the defendant on weekends, holidays, and at any other time.

Plaintiff assigned errors and appealed.

*Vaughan S. Winborne, Attorney for plaintiff appellant.*
*No Counsel for defendant appellee.*

BRITT, J. Plaintiff's first assignment of error poses the question: Is violation of the judgment signed by Judge Copeland punishable by contempt proceedings? Plaintiff contends that it is not for the reason that the judgment is a mere contract between plaintiff and defendant, sanctioned by the court. The question must be answered in the affirmative, and plaintiff's assignment of error relating thereto is overruled.

In *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71, we find the following:

> "A contract between husband and wife whereby he agrees to pay specified sums for her support may not be enforced by contempt proceedings even though the agreement has the sanction and approval of the court. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529. When, however, a court having jurisdiction of the parties and the cause of action adjudges and orders the husband to make specified payments to his wife for her support, his wilful failure to comply with the court's judgment will subject him to attachment for contempt notwithstanding the judgment was based upon the parties' agreement and entered by consent. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; * * *"

The judgment provides that "* * * BY CONSENT, IT IS ORDERED, ADJUDGED AND DECREED" that the plaintiff make certain payments to the defendant. We hold that the judgment is enforceable by appropriate contempt proceedings.

Plaintiff's next assignment of error relates to the unpaid balance of the $4,000 which he was ordered to pay the defendant. He contends that, by virtue of G.S. 50-16.9(b) as rewritten by the 1967 General Assembly, because of defendant's remarriage, he is relieved from paying alimony after her remarriage. The cited subsection reads as follows:

"If a dependent spouse who is receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate."

The change in G.S. 50-16 made by the 1967 General Assembly is contained in Chapter 1152 of the 1967 Session Laws. Section 9 provides that "this action shall not apply to pending litigation." The action before us has been pending since 3 September 1963; therefore, the 1967 legislative change does not apply to it. Plaintiff's assignment of error No. 2 is overruled.

Plaintiff also assigns as error the interpretation placed by Judge Carr on the provisions in the judgment providing for payments by plaintiff to defendant when the children would spend weekends with her. This assignment of error is well taken, and we hold that the construction adopted by Judge Carr was erroneous.

The proviso in question is fully quoted above but, in substance, it provides that at the times the five children visit defendant for periods of 24 hours or longer, plaintiff will pay to defendant $10.00 for their support and, in the event only part of the children visit on a weekend, the support will be prorated accordingly. We hold that plaintiff would owe defendant $10.00 for a weekend visit by the five children, provided the visit lasted at least 24 hours but regardless of how long beyond 24 hours the visit lasted. Section (F)(a) of Judge Carr's order is vacated, and this cause is remanded to the Superior Court of Wake County for a determination as to whether plaintiff owes defendant anything for weekend visits of the children prior to 26 March 1968, the date of Judge Carr's order, and for other proceedings not inconsistent with this opinion.

Error and remanded.

CAMPBELL and MORRIS, JJ., concur.