### ARLIE W. BROWN v. ORA BROWN.

(Filed 18 October, 1944.)

**Divorce § 14: Contempt § 2b—**

A husband cannot be adjudged in contempt of court for failure to comply with the provisions of a separation agreement, entered into prior to the institution of an action in which a divorce was granted the parties on the grounds of two years separation, which judgment provided that it should not affect or invalidate the separation agreement.

APPEAL by movant Ora Brown from *Armstrong, J.,* at September Term, 1944, of WATAUGA. Affirmed.

Motion in the cause by Ora Brown, defendant in the action, that the plaintiff Arlie W. Brown be punished for contempt for failure to comply with the provisions of a deed of separation entered into between the parties prior to the institution of the divorce action above styled.

The deed of separation, entered into 6 January, 1940, provided for certain payments to be made by Arlie W. Brown to his wife Ora Brown. Thereafter, on 12 January, 1942, Arlie W. Brown instituted action for absolute divorce against his wife on the ground of two years' separation. In his complaint the plaintiff, after setting out his cause of action, stated he did not intend by this action to be relieved of his obligation contained

in the separation agreement. The defendant Ora Brown filed a cross bill for absolute divorce on the ground of adultery. The verdict was in favor of plaintiff on both causes of action. The judgment recited the verdict and dissolved the bonds of matrimony theretofore existing between the parties, on the ground of two years' separation. In the judgment it was further ordered that "this judgment shall not affect or invalidate the deed of separation made and entered into by and between the plaintiff and defendant."

Thereafter, at September Term, 1944, Ora Brown, the defendant in the action, moved in the cause upon affidavit alleging that plaintiff Arlie W. Brown had failed to comply with the terms of the deed of separation. She prayed that he be adjudged in contempt.

The court found the facts substantially as stated, and further that plaintiff had failed and refused to comply with the terms of the deed of separation, and that he was financially able to do so.

Upon these findings, however, the court held the movant not entitled to an order adjudging the plaintiff in contempt. The movant Ora Brown appealed.

*Trivette & Holshouser for plaintiff.*
*Gilreath & Story for defendant.*

DEVIN, J. The ruling of the court below, that plaintiff Arlie W. Brown could not be adjudged in contempt for failure to comply with the provisions of a separation agreement entered into prior to the institution of the divorce action, must be upheld under the authority of *Davis v. Davis,* 213 N. C., 537, 196 S. E., 819.

The husband's obligation to make certain payments to his wife was based upon the contract entered into between them, and was not required of him by the valid judgment or order of a court having jurisdiction. Hence there was no willful disobedience of a court order or judgment such as would empower the court to attach him for contempt. G. S., 5-1 (4). The reference to the deed of separation in the complaint constituted an acknowledgment of the obligation, and in the judgment it was merely recited that the divorce judgment should not affect or invalidate the deed of separation. See also G. S., 50-11. The separation agreement is apparently still in effect, but compliance therewith may not be compelled by contempt proceedings in this action. In *Dyer v. Dyer,* 212 N. C., 620, 194 S. E., 278, cited by appellant, the contempt proceedings for failure to make certain payments were predicated upon a valid judgment and willful disobedience thereof.

Judgment affirmed.