GRACIE MAE STANLEY v. EDDIE L. STANLEY.

(Filed 27 February, 1946.)

**1. Constitutional Law § 19b—**

Imprisonment of the husband for failure to pay a simple judgment for debt due the wife under a separation agreement not adopted as an order of court violates Art. I, sec. 16, of the Constitution.

**2. Divorce § 15a—**

Alimony is an allowance made for the support of the wife out of the estate of the husband by order of court in an appropriate proceeding,

independent of any agreement between the parties which is not itself made an order of the court.

**3. Divorce § 11b—**

A decree of absolute divorce may not award permanent alimony, and the proviso of the statute, G. S., 50-11, that a decree of absolute divorce on the ground of two years separation should not impair or destroy the right to alimony under prior decrees relates to alimony properly allowed by decree of court and not to payments provided in a mere separation agreement.

**4. Divorce § 16—Defendant may be held in contempt for failure to pay allowance to wife only if payment is ordered by decree of court.**

The parties entered into a separation agreement which provided that the husband pay the wife a stipulated sum weekly, which should continue though the husband should later obtain a divorce. Thereafter the husband obtained an absolute divorce on the ground of two years separation, and the decree stipulated that it should not prejudice the wife's right to support under the separation agreement. Upon the husband's failure to make payments, the wife instituted action and obtained judgment for the amount in arrears. Thereafter, upon motion in the cause, the husband was adjudged in contempt for failure to pay the amount of the judgment and was also ordered to pay subsequent installments then due under penalty of contempt. *Held:* The provision that the husband pay the stipulated sums weekly was contained in a separation agreement which was at no time made an order of the court, since the divorce decree merely provided it should not affect the agreement and the last judgment was a simple recovery of a money demand, and therefore the attachment for contempt upon motion in the cause was erroneous.

APPEAL by defendant from *Harris, J.,* at November Term, 1945, of PASQUOTANK.

The plaintiff brought this proceeding by petition or motion in the cause to procure a citation of the defendant for contempt of court under the following circumstances:

The plaintiff and defendant were united in marriage sometime in 1920, and lived together until March, 1942. On 17 April of that year they entered into a separation agreement, in which it was provided that the husband should pay into the hands of the County Welfare Officer for the wife's support $8 per week, these payments to continue though the husband should later obtain a divorce.

Thereafter, on 20 April, 1944, the husband, present defendant, instituted an action against the wife, plaintiff herein, for absolute divorce, on the grounds of two years separation; and decree was entered in October, 1944, granting to the plaintiff (present defendant) an absolute divorce. The judgment contained the following provision: "By consent, it is further ordered, adjudged and decreed that this judgment shall in no way prejudice the defendant's rights to maintenance and support under

that certain agreement between the parties hereto, dated April 17, 1942, a copy of which is held by each party."

Thereafter, on 16 November, 1944, the divorced wife brought an action against this defendant in the Superior Court of Pasquotank County to enforce the terms of the separation agreement, in which she set up the same, alleged noncompliance on the part of defendant, and asked for judgment against the defendant for arrears of payments amounting to $240. The judgment of Dixon, J., based upon findings of fact, sets out the terms of the separation agreement, the above stated provision in the divorce decree, and the failure of defendant to make the stipulated payments, and concludes as follows: "It is thereupon on motion of George J. Spence, attorney for plaintiff, ordered, decreed by the Court that the plaintiff recover judgment against the defendant for the sum of two hundred and forty dollars and for the costs of this action." The judgment imposes no duties upon the defendant other than thus stated.

Thereafter, on 4 October, 1945, the plaintiff filed a petition or motion in the cause, reciting the rendition of the above judgment, the findings of fact that the "defendant Eddie Stanley had failed and refused to pay into the hands of A. H. Outlaw, Welfare Officer, for delivery to Gracie Mae Stanley, the sum of $240, same being for thirty weeks at the rate of $8 per week from October 4, 1944, to May 7, 1945," and adds "the same being for support, maintenance and alimony as set out in said judgment"; and the petition prays that a citation be served on the defendant to show cause why he shall not be adjudged in contempt of court for failure to comply with said judgment.

Citation was accordingly issued, and the matter came on for hearing before Harris, J., who rendered the following judgment:

"This cause coming on to be heard at this term before the Honorable W. C. Harris, Judge, upon a citation heretofore issued in this cause by Honorable C. E. Thompson, Judge of the First Judicial District of North Carolina, returnable before the undersigned and it appearing to the Court and the Court finding as facts that at the May Term, 1945, of the Superior Court of Pasquotank County, a judgment was duly signed in the above entitled action requiring the defendant, Eddie L. Stanley, to pay into the hands of A. H. Outlaw, Welfare Officer, for delivery to Gracie Mae Stanley the sum of two hundred and forty ($240.00) dollars, same being for thirty weeks at the rate of eight ($8.00) dollars a week from October 9, 1944, to May 7, 1945, the same being for the support, maintenance and alimony due the said Gracie Mae Stanley, and it further appearing to the Court that the defendant, Eddie L. Stanley, has failed and refused to pay into the hands of A. H. Outlaw, Welfare Officer, for the delivery to Gracie Mae Stanley, the sum of $240, same being for thirty weeks at the rate of $8 a week from October

9, 1944, to May 7, 1945, the same being for the support, maintenance and alimony due the said Gracie Mae Stanley;

"It is thereupon ordered, decreed and adjudged by the Court that the said Eddie L. Stanley, the defendant herein, is hereby adjudged in contempt of Court for failure to pay said sums as aforesaid, and it is further ordered, decreed and adjudged by the Court that the said Eddie L. Stanley, defendant as aforesaid, be committed to the County jail of the County of Pasquotank to be held until he shall pay said sum of $240 to the said A. H. Outlaw, Welfare Officer, for delivery to Gracie Mae Stanley, same being for thirty weeks at the rate of $8 a week from October 9, 1944, to May 7, 1945, the same being for the support, maintenance and alimony due the said Gracie Mae Stanley.

"It further appearing to the Court and the Court finding as a fact that the said Eddie L. Stanley, defendant as aforesaid, has failed to pay into the hands of A. H. Outlaw, Welfare Officer, for delivery to Gracie Mae Stanley, for her support, maintenance and alimony any sum since May 7, 1945, at which time the said sum of $240 became due, and it appearing to the Court that there is now past due twenty-six weekly installments at the rate of eight ($8.00) dollars a week amounting to $208.00:

"It is thereupon ordered, decreed and adjudged by the Court that Eddie L. Stanley be, and he is hereby ordered to at once pay to the said A. H. Outlaw, as aforesaid, the additional sum of $208 for delivery to said Gracie Mae Stanley for her support, maintenance and alimony.

"It is further ordered, decreed and adjudged by the Court that upon failure of said Eddie L. Stanley, as aforesaid, to pay the said additional sum of $208 as aforesaid to A. H. Outlaw, Welfare Officer, for Gracie Mae Stanley for maintenance, support and alimony, that the said Eddie L. Stanley shall be committed to the county jail and held therein until such time as he may pay said sum as aforesaid.

"It is further ordered that the defendant pay the costs of this action to be taxed by the Clerk."

From this judgment defendant appealed.

*George J. Spence and J. Kenyon Wilson for plaintiff, appellee.*
*J. W. Jennette and John H. Hall for defendant, appellant.*

SEAWELL, J. When the chronology, or sequence, of the several transactions involved in this controversy, both judicial and extrajudicial culminating in a citation of the defendant for contempt, is kept in mind, and the significance of each of them properly appraised, we can find no order of the court capable of implementation by a contempt proceeding. First in order was the separation agreement, in which the defendant

engaged to pay for the benefit of his wife $8 per week, and in which payments, it is alleged and adjudged, he defaulted. This agreement was an extrajudicial transaction, and although between husband and wife, and relating to the support of the wife, had no more sanction for its enforcement than any other civil contract; certainly not that of imprisonment through civil contempt for noncompliance. Such a proceeding, to escape the prohibition of Art. I, sec. 16, of the Constitution, prohibiting imprisonment for debt, is confined to the enforcement of an appropriate judicial order, made in a case where the subject under jurisdiction, and the adjudication thereupon, peculiarly justify and permit such remedy. The gist of the contempt is the willful disobedience to the court order.

Alimony, as that term is used in the law, is an allowance made for the support of the wife out of the estate of the husband by order of court in an appropriate proceeding, and is either temporary or permanent. Black's Law Dictionary; 17 Am. Jur., Divorce and Separation, S. 496; 27 C. J. S., Divorce, S. 202.

An action resulting in alimony safeguards the issue by requiring the statement of jurisdictional facts relating to the remedy sought upon which, if proven, the court acts independently of any subsisting agreement between the parties which is not itself made an order of court. Such an action is distinguishable from the suit brought upon the separation agreement before Judge Dixon, discussed *infra,* in which this motion is made.

In this State alimony, both temporary and permanent, may be awarded (1) in the statutory proceeding for alimony without divorce—G. S., 50-16; (2) in an action for divorce *a mensa et thoro*—G. S., 50-7; and (3) in an action for absolute divorce temporary alimony *pendente lite*— G. S., 50-15—but not permanent alimony may be awarded. G. S., 50-11; *Duffy v. Duffy,* 120 N. C., 346, 27 S. E., 28.

An action may be maintained for breach of the contract, of course, and judgment awarded for sums shown to be due. Such actions, however, sound in contract, and result in a money judgment without execution *in personam,* under any label known to the law, including imprisonment for contempt. Doubtless the wife, beneficiary of such a separation agreement, might, upon its breach, elect to sue for alimony, either without divorce or in a suit for divorce from bed and board, rather than upon the contract. In that event the basis of the action is willful nonsupport, not breach of the separation agreement, and upon a successful issue the order of the court, retrospective or prospective, in case of willful disobedience, might be supported by a citation for civil contempt. But not after absolute divorce, the second significant occurrence in this series, prior in time to the Dixon judgment. G. S., 50-11, *supra.*

While the Court, in an action for absolute divorce, may dispose of many incidental matters not necessary to catalogue here, it is without power to award permanent alimony incidental to the decree dissolving the relationship. G. S., 50-11, *supra.* Under the proviso in this section, a prior award of alimony is protected from annulment by a decree in absolute divorce, based on two years separation, which would otherwise probably have resulted. The proviso is as follows:

"Provided, further, that a decree of absolute divorce upon the ground of separation for two successive years as provided in Sec. 50-5 or Sec. 50-6 shall not impair or destroy the right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of the proceeding for absolute divorce." *Dyer v. Dyer,* 212 N. C., 620, 194 S. E., 278. The statute does not protect a mere separation agreement as an award of alimony. It is, therefore, not only against public policy in this State, but contrary to the statute, that permanent alimony should be the outcome of an action for divorce *a vinculo.*

Furthermore, that is not the purport of the saving provision in the decree. Upon its face it does not attempt to do more than except from the operation, or consequences, of the judgment whatever rights the defendant in the case had under the separation agreement we have set out in full, without adopting, adjudicating or recognizing any of its provisions as a judgment or order of the court. It is merely a "hands off" or negative pronouncement regarding a nonjudicial civil agreement with which the court did not desire its decree to interfere. Whether even in this aspect it has accomplished that purpose, we are not called upon to say, as the matter is academic in this case.

The judgment entered by Judge Dixon subsequent to the decree in divorce is a simple recovery upon a money demand, does not in any way adopt the terms of the separation agreement as an order of court—even had its recital been in a proceeding where that is permissible—and does not require anything of the defendant other than what the law demands of any person who has suffered a recovery in an action for debt. It is not such a judgment as can be enforced by resort to a contempt proceeding. Const., Art. I, sec. 16.

The order of Harris, J., upon petitioner's motion, is vacated and the respondent will be discharged from the rule.

The judgment is

Reversed.