MARGARET STANCIL v. JOHN W. STANCIL.

(Filed 11 October, 1961.)

**1. Appeal and Error § 19—**

Where none of the assignments of error is supported by exceptions duly noted, review is limited to whether error of law appears on the face of the record, the appeal itself being taken as an exception to the judgment, but the appeal does not present the findings of fact or the sufficiency of the evidence to support them.

**2. Divorce and Alimony § 21—**

Where, in an action for divorce, an order for alimony *pendente lite* is entered which recites that the parties had agreed upon the amount of alimony and specifically decrees that the husband should pay the amount agreed upon, such judgment will support contempt proceedings for the willful refusal of the husband to pay the amount stipulated.

APPEAL by defendant from *Hooks, Special Judge,* May Civil Term 1961 of ONSLOW.

This is a contempt proceeding. The record discloses that plaintiff and defendant were married on 1 September 1958. No children were born of the marriage.

On 3 February 1960, the plaintiff instituted an action for alimony and reasonable counsel fees pursuant to the provisions of G.S. 50-16, alleging in her complaint that the defendant had become an excessive drinker; that he refused to provide food for the plaintiff, and had wrongfully turned her out-of-doors, etc.

On 3 March 1960, Judge Bundy, holding the courts of the Fourth Judicial District, upon application of plaintiff for alimony *pendente lite* and reasonable counsel fees, entered an order which in pertinent part is as follows:

" * * * IT APPEARING to the court that the parties hereto have agreed upon the amount of alimony *pendente lite* and reasonable counsel fees pending the final determination of this cause; .

. "IT IS NOW; THEREFORE, ORDERED that the defendant pay

to the plaintiff alimony and subsistence for herself the sum of $250.00 per month, beginning March 14, 1960, and continuing on the 14th day of each month thereafter until final determination of this action, said payments to be made in the office of the Clerk of the Superior Court of Onslow County."

The foregoing judgment was consented to by the attorneys for the respective parties.

On 30 May 1961, the plaintiff filed a motion and affidavit in this cause in which it was set forth that the defendant had wilfully refused to comply with the order of the court entered on 3 March 1960, and that he was in arrears in his subsistence payments in the amount of $2,400.00 as of 8 May 1961, and prayed that the defendant be required to appear and show cause why he should not be adjudged in contempt for his failure and refusal to comply with the aforesaid order. An order to show cause why he should not be adjudged in contempt was granted.

At the hearing pursuant to the order to show cause, the court found, among other things, that the defendant is an able-bodied person who has earned as much as $100.00 per week a greater portion of the time since the above order was entered by Judge Bundy, and that at the time of the hearing he was earning $65.00 per week. That the defendant has wilfully failed and refused to comply with the order of Judge Bundy, and was at the time of the hearing in arrears in payments due under the order in excess of $1,250.00.

Plaintiff and her counsel in open court agreed that plaintiff will not petition the court for further alimony *pendente lite* pending trial on its merits.

The court adjudged the defendant in contempt and ordered that he be confined in the common jail of Onslow County for a period of thirty days.

It was further ordered that the defendant might purge himself of contempt upon payment of the sum of $1,250.00 into the office of the Clerk of the Superior Court of Onslow County, to be disbursed in accordance with the order of Judge Bundy.

The defendant appeals.

*James R. Strickland; Ellis, Godwin & Hooper for plaintiff appellee.*
*Joseph C. Olschner for defendant appellant.*

DENNY, J. The appellant in his case on appeal undertakes to set out six assignments of error. However, no exceptions appear anywhere in the record, not even under the purported assignments of error. Even so, in the absence of any exceptions, or when exceptions have not been

preserved in accordance with the requirements of our Rules, the appeal will be taken as an exception to the judgment. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223. Therefore, in view of the state of the record on this appeal, we are limited to the question whether or not error appears on the face of the record.

Where no exceptions have been taken to the admission of evidence or to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Beaver v. Paint Co.,* 240 N.C. 328, 82 S.E. 2d 113; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664.

The defendant argues and contends that a contempt proceeding cannot be based on a consent judgment. *Holden v. Holden, supra; Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819. An examination of these and similar cases reveals that the husband's obligation to make certain payments was based upon a contract merely sanctioned by the court and the court did not order the payments to be made as it did in the instant case.

Our cases hold that although a judgment may be entered by consent, based on a written agreement, if such judgment orders and decrees that the husband shall pay certain sums as alimony for the support of his wife, a wilful refusal to make the payments as directed therein will subject the husband in a proper proceeding to attachment for contempt. *Dyer v. Dyer,* 212 N.C. 620, 194 S.E. 278; *Davis v. Davis, supra; Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576; *Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d 370.

It will be noted in *Davis v. Davis, supra,* and *Holden v. Holden, supra,* the judgment entered in these respective cases did not order and direct the husband to pay anything, but merely recited what the parties had agreed upon. Hence, these and similar cases do not control the factual situation revealed on this record.

In the instant case, the court ordered that the defendant "pay to the plaintiff alimony and subsistence for herself the sum of $250.00 per month, beginning March 14, 1960, and continuing on the 14th day of each month thereafter until final determination of this action * * *."

The record does not reveal that the defendant has made any motion for a reduction of the amount of alimony or subsistence, by reason of inability to pay or for any other reason.

The case of *Webster v. Webster,* 213 N.C. 135, 195 S.E. 362, cited by the appellant, contains language that would seem to support the defendant's position. However, an examination of that opinion reveals

that the appeal merely involved a construction of the provisions of the consent judgment with respect to the rights of the parties. The question of contempt was not before this Court, and what was said in the opinion with respect to the judgment being nothing more than a contract between the parties, was mere *dictum,* and we so hold.

In our opinion, the facts found by the court below are sufficient to support the judgment entered, and no errors appear upon the face of the record which would warrant a reversal or a further hearing.

The judgment of the court below is

Affirmed.