390 P.2d 107

Nelson D. WRIGHT, Petitioner,

v.

The Honorable Charles C. STIDHAM, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, and Martha I. Wright, Respondents.

No. 8163.

Supreme Court of Arizona.

En Banc.

March 11, 1964.

Rehearing Denied March 24, 1964.

Douglas O. Peterson, Phoenix, for petitioner.

Peterson, Estrada, Matz & Machmer, by Joseph S. Jenckes, V., Phoenix, for respondents.

BERNSTEIN, Justice.

This is an original proceeding wherein Nelson D. Wright, hereinafter called petitioner, seeks a writ of prohibition against the Superior Court of Maricopa County and the Honorable Charles C. Stidham as judge thereof, and the respondent, Martha I. Wright, from taking further action in case No. 65470, wherein the petitioner was adjudged to be in contempt of court and was sentenced to be confined in the county jail for 90 days. The facts are as follows:

On July 24, 1961, Martha I. Wright obtained a default judgment of divorce against petitioner. At the same time, a property settlement agreement, signed by the parties, was filed, but the judgment did not incorporate the property settlement agreement. With regard to the property settlement the decree of divorce says only: "* * * the

Property Settlement Agreement heretofore entered into between the parties is fair and just;" and concludes: "It is further ordered, adjudged and decreed that the Property Settlement Agreement heretofore entered into between the parties hereto, be and hereby is ratified, approved and confirmed in all respects."

The minute entry records relating to this case of July 24, 1961, further shows: "Plaintiff's Exhibit #1 (property settlement agreement) marked for identification and received in evidence. On motion of plaintiff, it is ordered that the property settlement agreement *may be* incorporated in the decree of divorce." (Emphasis supplied). This agreement was duly filed in the clerk's office.

The property settlement agreement referred to contained a provision for $350 per month alimony, subject to reduction by any amount Mrs. Wright might earn at Lara-King Jewelers, in which she was given a part-ownership interest, and subject to discontinuance if she married.

On August 17, 1962, an order to show cause was issued, directing petitioner to show cause why he should not be held in contempt for failing to pay alimony. Hearing was held on August 23, 1962. The petitioner herein appeared and filed a written motion to quash on the grounds that there was no judgment for alimony. The motion was granted.

On September 10, 1962, without notice to petitioner herein, a petition for an amended decree of divorce was filed by respondent, and on the same day an order incorporating the Property Settlement Agreement into the Decree of Divorce was entered by the Superior Court Commissioner. An amended Decree of Divorce was also entered reciting the incorporation of the Property Settlement Agreement therein.

█ Since that time Mrs. Wright has attempted to secure alimony through contempt proceedings based on the decree as amended. The writ of prohibition involved herein is directed against proceedings which culminated in a judgment of contempt against the petitioner, and a 90 day jail sentence, imposed by Judge Stidham on October 29, 1963. Prohibition is a proper remedy at this time, if the Superior Court is without jurisdiction, since the sentence remains to be served. Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179.

█ The approval of the property settlement in the original divorce decree of July 24, 1961, did not operate to make it part of, and enforceable as, a decree of the court. Glassford v. Glassford, 76 Ariz. 220, 262 P.2d 382; Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837. McNelis v. Bruce, 90 Ariz. 261, 367 P.2d 625 requires the property settlement to be "actually incorporated" in the decree, and it can be done by reference as was done in the McNelis case.

It is the court's decree that gives such settlement its validity, and a property settlement merely filed and referred to in the court's judgment and approved can not be enforced in contempt proceedings. The property settlement here involved was not "actually incorporated" in the decree by the proceedings on July 24, 1961. Nor was the attempted amendment of the divorce decree on September 10, 1962, effective for any purpose. It was not made within the time prescribed in Rule 60(c) of Civil Procedure, 16 A.R.S.

In this situation there is no decree for alimony or any valid incorporation of the property settlement in any decree. The Superior Court is without jurisdiction to use the contempt power to enforce an alimony provision which has no legal existence. Under these circumstances, where there is no other remedy, the writ of prohibition must be issued. Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576; Redewill v. Superior Court, 43 Ariz. 68, 29 P.2d 495. See also Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899.

In addition, there is before the court, a request for attorney's fees by the counsel for Martha I. Wright, the real party in interest, for services in bringing the contempt proceedings, and in resisting the writ of prohibition granted herewith. In view of the disposition of the petition made herein,

petitioner, Nelson D. Wright, should not be ordered to pay counsel fees for respondent.

Writ made peremptory.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.