GEORGE CREE MITCHELL v. GERALDINE EDWARDS MITCHELL.

(Filed 3 May, 1967.)

1. **Divorce and Alimony § 21—**

   A contract under which the husband agrees to pay the wife specified sums for her support may not be enforced by contempt proceedings even though the agreement is approved by the court, but if the court not only approves the agreement but orders and directs the husband to make monthly payments for the support of the wife in accordance with the agreement, the judgment is enforceable by contempt proceedings, since failure to make the payments is in violation of the order of the court.

2. **Divorce and Alimony § 16—  Order held to direct husband to make payments of alimony in accordance with agreement of parties.**

   The husband instituted action for divorce on the ground of separation. The wife denied the separation, alleged abandonment, and filed cross-action for alimony without divorce. The court, in accordance with agreement of the parties, ordered the husband to pay monthly payments to the wife in a specified sum for a period of ten years, and dismissed the cross-action. Thereafter the husband obtained absolute divorce in his ac-

tion. *Held:* The sums ordered by the court to be paid the wife were payments of alimony, notwithstanding the failure of the judgment to so denominate the payments, it being clear from the record that the payments were not in furtherance of a property settlement but were intended and regarded as alimony in satisfaction of the wife's action.

**3. Same—**

Even though the court may not ordinarily award alimony in a gross sum, the court may, by and with the consent of the parties, direct the husband to make monthly payments in a specified sum for a period of ten years or until the wife remarries.

APPEAL by defendant from *Bailey, J.,* at chambers in Raleigh 5 November 1966.

This action was instituted by plaintiff-husband in September 1965 for an absolute divorce from defendant on the ground of one year's separation. Defendant, in her answer, denied that she and plaintiff had been continuously separated for one year, alleged that he had abandoned her, and set up a cross action for alimony without divorce, counsel fees, and alimony *pendente lite* under G.S. 50-16.' Plaintiff demurred to the cross action and moved to dismiss, for that defendant "fails to state a cause of action against plaintiff." '

In an order signed 2 June 1966, Judge Brock sustained plaintiff's demurrer, dismissed defendant's cross action, and allowed defendant thirty days in which to file an amended answer and cross action. Thereafter, on the same day, Judge Brock signed a judgment which recited that the parties had settled all matters in controversy between them. He "ORDERED, ADJUDGED AND DECREED, by consent of the parties, as follows" (except when quoted, the decree is summarized):

"(1) Plaintiff shall pay to defendant the sum of $150.00 on the 5th day of June, 1966, and the sum of $150.00 on the 5th day of each month thereafter through and including the 5th day of May, 1976."

(2) — (5) Plaintiff ordered to pay specified hospital bills and a fee to defendant's attorney.

(6) Defendant ordered to surrender to plaintiff all credit cards issued in his name, and she agrees to make no further charges to plaintiff's account.

"(7) That this judgment shall constitute a full and final settlement of all matters raised by defendant in her cross action, and all matters which might have been raised in defendant's answer in this cause, and that neither plaintiff nor defendant shall make any further claims or demands upon the other arising out of said matters and things.

"(8)   In the .event defendant remarries, plaintiff shall after said time not be obligated to make any further payments as provided hereinbefore in paragraph (1)."

(9)   Plaintiff ordered to continue hospital insurance covering defendant and her three children so long as he "may legally maintain said contract."

"It is, therefore, ORDERED, ADJUDGED AND DECREED by consent, that defendant's 'Further Answer and Defense and Cross Action against the Plaintiff' be and the same is hereby dismissed and that plaintiff be taxed with the cost.

"This the 2nd day of June, 1966.

/s/ Walter E. Brock
WALTER E. BROCK
JUDGE PRESIDING

/s/ Fred T. Mattox
Fred T. Mattox
Attorney for Defendant

/s/ Eugene Boyce
Eugene Boyce
Attorney for Plaintiff

"WE CONSENT:
/s/ Geraldine Edwards Mitchell
Geraldine Edwards Mitchell

/s/ George Cree Mitchell
George Cree Mitchell"

Plaintiff made the June payment of $150.00. On 18 July 1966, he secured a judgment of absolute divorce. In July, he paid nothing. In August 1966, he paid defendant $119.40, and since then has made no payment. On 17 October 1966, when plaintiff was in arrears $330.60 with his monthly payments, defendant secured a rule commanding plaintiff to appear before the resident judge of the district and show cause why he should not be punished as for contempt for failing to comply with the order of 2 June 1966. When the matter came on for hearing before Judge Bailey, he held as a matter of law that the consent judgment dated 2 June 1966 is not enforceable against plaintiff by contempt proceedings. He discharged the rule to show cause, and defendant appealed.

*Boyce, Lake & Burns for plaintiff appellee.*
*Harrell & Mattox for defendant appellant.*

SHARP, J.  A contract between husband and wife whereby he
agrees to pay specified sums for her support may not be enforced
by contempt proceedings even though the agreement has the sanc-
tion and approval of the court. *Holden v. Holden,* 245 N.C. 1, 95
S.E. 2d 118; *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118;
*Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529. When, however, a
court having jurisdiction of the parties and the cause of action ad-
judges and orders the husband to make specified payments to his
wife for her support, his wilful failure to comply with the court's
judgment will subject him to attachment for contempt notwith-
standing the judgment was based upon the parties' agreement and
entered by consent. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240;
*Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882; *Edmundson v.
Edmundson,* 222 N.C. 181, 22 S.E. 2d 576; *Davis v. Davis,* 213 N.C.
537, 196 S.E. 819. See *Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d
370. This is true, "not because the parties have agreed to it, but
because the judgment requires the payment." *Sessions v. Sessions,*
178 Minn. 75, 226 N.W. 701. When the parties' agreement with
reference to the wife's support is incorporated in the judgment,
their contract is superseded by the court's decree. The obligations
imposed are those of the judgment, which is enforceable as such.
*Adkins v. Staker,* 130 Ohio State 198, 198 N.E. 575; *accord, Gloth
v. Gloth,* 154 Va. 511, 153 S.E. 879. In such a case the wife has the
option of enforcing the judgment by a rule of contempt or by ex-
ecution, or both.

Plaintiff argues, however, that the court's judgment that he pay
defendant $150.00 a month for ten years, or a total of $18,000.00 if
she fails to remarry, is not an award of alimony but merely a con-
tract between the parties to which the court gave its approval. The
answer to this argument is that the judge went further than merely
putting his stamp of approval on the parties' contract. He could have
manifested approval just by making the certificate required by G.S.
52-6 and G.S. 47-39. Instead, he entered a judgment in which he
*ordered* plaintiff to make the payments which he had agreed to
make and which defendant had agreed to accept. When the court
incorporated the agreement in its mandate, its approval was im-
plicit, but, having made the order, its mandate cannot be down-
graded to mere approval.

Plaintiff urges that since the monthly payments which he agreed
to make to his wife were not denominated *alimony* in the judgment,

they cannot be construed as such. The provision that defendant's re-marriage will relieve plaintiff of the obligation to make further payments, *Fox v. Fox*, 253 P. 2d 1030 (Cal. Dist. Ct. App., 2d Dist., Div. 1), the circumstances surrounding the entry of the judgment, and the motives which prompted each party to consent to it, render this contention feckless. There is no suggestion in the transcript that there had been a property settlement between the parties and that the monthly payments were to reimburse defendant for property she had transferred or released to plaintiff. In order to secure his divorce in June 1966, plaintiff had to overcome the defense which defendant had alleged to his action and the cross action, both of which were based on his alleged abandonment of her. To do this, he had to obtain a jury verdict in his favor or a consent judgment from the court. He chose the latter as the safer course.

Although Judge Brock had sustained plaintiff's demurrer to the cross action (the correctness of that ruling is not before us), defendant's first statement of it reveals no reason to suppose that she could not allege a cause of action under G.S. 50-16 which would withstand demurrer. The court had allowed her thirty days in which to do so. Defendant's motion for alimony *pendente lite* and counsel fees was still before the court, which had general jurisdiction of the parties and their marital rights. Judge Brock could have vetoed the proposed decree. Instead, he adopted it and made it his own. The order that plaintiff pay defendant the sum of $150.00 on 5 June 1966 and on the 5th day of each month thereafter, through 5 May 1976, did not denominate the payments *alimony* or total the installments, yet the award was indutiably alimony in gross or "lump sum alimony," which is fundamentally the award of a definite sum of money for the wife's support and maintenance. 27A C.J.S., Divorce § 235 (1959). "Ordinarily, in the absence of express statutory authority or the consent of the parties, a court cannot award alimony in gross in lieu of a periodical allowance." 24 Am. Jur. 2d, Divorce and Separation § 615 (1966). North Carolina has no statute authorizing the court to award alimony in gross, but such alimony may be awarded with the consent of the parties. This was done in *Taylor v. Taylor*, 93 N.C. 418.

By and with the consent of the parties, the court may award permanent alimony as a sum in gross to be paid in periodic installments which shall terminate upon the wife's remarriage. 24 Am. Jur. 2d, Divorce and Separation § 616 (1966). As to the power of the divorce court to modify an award of alimony in gross, where no right to amend was reserved, see Annot., Alimony — Modifying

Decree, 127 A.L.R. 741, 743-744; 71 A.L.R. 723, 730-734; 24 Am. Jur. 2d, Divorce and Separation § 668 (1966).

Having entered its judgment awarding alimony, the court below had the power to enforce its order by contempt proceedings. 2 Lee, N. C. Family Law § 166 (3d Ed., 1963) and cases therein cited. The court would demean itself if it entered a decree providing that the husband support and maintain the wife upon terms which he himself had suggested (and to which he gave his written consent), then allowed him to get an absolute divorce upon the strength of that decree, and — upon his wilful failure to comply with its terms — announced that it was powerless to enforce its judgment by contempt proceedings. Defendant, in reliance upon the judgment which she now seeks to enforce, withdrew her defense to plaintiff's divorce action. He thereby secured an absolute divorce, which put it beyond the power of the court thereafter to enter an order for alimony. G.S. 50-11. To say now that, although the court ordered the payments, its judgment is nothing more than a contract between the parties and that defendant must — as plaintiff asserts — bring an action for breach of contract in order to collect the monthly payments it decreed, will not do.

This judgment was not worded with the care which this Court, in *Bunn v. Bunn, supra,* pointed out that counsel for the wife should use in dealing with similar situations. Nevertheless, we hold that the judgment will support an attachment as for contempt if it be shown to the satisfaction of the court that plaintiff has wilfully failed to make the payments ordered. On that question, no evidence has yet been heard.

Reversed.

LAKE, J., took no part in the consideration or decision of this case.