ROSANNA CRUMP MOORE v. ALTON MONROE MOORE

No. 7810SC35

(Filed 21 November 1978)

**Husband and Wife § 13; Divorce and Alimony § 21— separation agreement—no right to specific performance**

  A separation agreement which has not been incorporated into a court order may not be enforced by specific performance, since the purpose of a specific performance decree would be to compel the defendant to comply with the agreement under threat of being jailed for contempt, and such an agreement is not enforceable by contempt proceedings.

  Judge WEBB dissenting.

APPEAL by plaintiff from *Herring, Judge*. Judgment entered 20 October 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 17 October 1978.

Plaintiff seeks specific performance of a separation agreement entered into by plaintiff and defendant on 24 April 1972. In that agreement, defendant agreed to pay $250.00 a month for the support of the plaintiff. Defendant complied with the terms of this agreement until 15 July 1975, after which time he ceased to make payments.

On 27 January 1976, plaintiff obtained a judgment against the defendant for arrearages in the payments. Execution was issued in February but was returned unsatisfied. In July 1976, defendant was ordered to appear for supplemental proceedings to testify as to his property and earnings. Later, however, plaintiff apparently abandoned the supplemental proceedings and started the present action seeking specific performance of the agreement. The trial court denied that relief, and plaintiff appealed.

*Smith, Anderson, Blount & Mitchell, by James G. Billings, for plaintiff appellant.*

*R. C. Soles, Jr., for defendant appellee.*

VAUGHN, Judge.

The issue in this case is whether this separation agreement, which has not been incorporated into a court order, may be enforced by specific performance. It is apparent that, due to the defendant's prior history of nonpayment, plaintiff seeks a specific performance decree to compel the defendant to pay under threat of being jailed for contempt. Our courts have previously ruled that separation agreements which have not been incorporated into a judgment cannot be enforced by contempt proceedings. The root of this premise is Article I, Section 28 of the North Carolina Constitution which prohibits imprisonment for debts. Imprisonment for debt by contempt order, therefore, may only be accomplished through the enforcement of a judicial order warranting such a remedy. *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118 (1946). In *Stanley*, the Supreme Court stated that a consent judgment, wherein the court approved a separation agreement but did not adopt it as its order, could not be enforced through contempt proceedings. The Court held that the separation agreement "was an extrajudicial transaction, and. although between husband and wife, and relating to the support of the wife, had no more sanction for its enforcement than any other civil contract; certainly not that of imprisonment through civil contempt for noncompliance." *Stanley v. Stanley, supra*, at 133. Again, in *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964), Justice (now Chief Justice) Sharp stated that agreements approved but not adopted by the court cannot be enforced by contempt proceedings. *See also Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967). The thrust of these holdings is that a court must order and direct a supporting spouse to pay alimony before that spouse will be subjected to contempt proceedings for failure to pay. *See Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961). Other jurisdictions have also held that separation agreements cannot be enforced by contempt proceedings unless they are incorporated into a decree and ordered by the court. *See, e.g., Wright v. Stidham*, 95 Ariz. 316, 390 P. 2d 107 (1964), *Plumber v.*

*Superior Court*, 50 Cal. 2d 631, 328 P. 2d 193 (1958), *Dickey v. Dickey*, 154 Md. 675, 141 A. 387 (1928).

This Court addressed a similar situation in *Riddle v. Riddle*, 32 N.C. App. 83, 230 S.E. 2d 809 (1977), where plaintiff sought an injunction to enjoin her ex-husband from violating their separation agreement. This Court held that a separation agreement which has not been incorporated into a judgment may not be enforced by contempt proceedings. The plaintiff's obvious purpose for requesting injunctive relief was to enforce the agreement by contempt proceedings, and the court reasoned that injunctive relief was not available. We reach similar conclusions in the case before us and hold that plaintiff's prayer for specific performance was properly denied.

We note that, in an earlier ruling, the court had apparently offered to have a receiver appointed to inquire into the defendant's assets. The record indicates that the plaintiff did not pursue this remedy. Where an execution is returned unsatisfied, a receiver may be appointed to afford the most thorough means of scrutiny, legal and equitable, in reaching such property as the debtor has that ought justly to go to the creditor. *Massey v. Cates*, 2 N.C. App. 162, 162 S.E. 2d 589 (1968).

Affirmed.

Judge MORRIS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. It is apparent from the record that the defendant in this case is determined not to abide by the separation agreement he has made. I do not believe the courts are powerless to enforce the contract. I would hold that the plaintiff has shown that she does not have an adequate remedy at law and the superior court should enter such equitable remedy as will give her relief. The cases cited by the majority are different on the facts from this case. In *Riddle v. Riddle*, 32 N.C. App. 83, 230 S.E. 2d 809 (1977), a judgment was reversed which ordered the defendant not to breach a separation agreement as he was

threatening to do. In *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118 (1946), a judgment was reversed which held the defendant in contempt for failure to pay a judgment for accrued support. In *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964), a judgment was affirmed which denied the plaintiff's motion to strike a previous order of the court reducing alimony payments. In *Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967) and *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961), it was held that contempt proceedings are appropriate where the court has awarded alimony as a part of the judgment.

There are cases in which contracts may be enforced by specific performance. 71 Am. Jur. 2d, Specific Performance, § 5, p. 14. I believe this is one of them. The record shows the defendant entered into a separation agreement; he is able to make his payments; he refuses to do so; and when the plaintiff reduces the accrued alimony to judgment, he handles his affairs in such a manner that execution cannot be had against his assets. I believe this is a sufficient showing that the plaintiff does not have an adequate remedy at law and equitable relief is appropriate.