ALICE JEAN HENDERSON v. GARY M. HENDERSON

No. 100PA82

(Filed 11 January 1983)

**Contempt of Court § 6.3; Divorce and Alimony §§ 21.5, 21.6— consent judgment adopted by court—enforcement by civil contempt**

A provision for periodic payments to the wife in a court-ordered consent judgment is enforceable by attachment for civil contempt for the husband's willful failure to pay without regard to whether those provisions are modifiable or unmodifiable. Modifiability and enforceability are not interdependent.

Justice MARTIN took no part in the consideration or decision of this case.

Justice CARLTON concurring.

Justice EXUM concurring in the result.

ON discretionary review of a decision of the North Carolina Court of Appeals which affirmed in part and modified in part an order entered 15 December 1980 by *Lambeth, Judge,* in District Court, NEW HANOVER COUNTY. We allowed defendant's petition for discretionary review filed pursuant to G.S. § 7A-31 on 13 July 1982.

The sole question presented for our review is whether a provision for periodic payments to the wife in a court-ordered consent judgment is enforceable by attachment for civil contempt for the husband's willful failure to pay without regard to whether those provisions are modifiable or unmodifiable. For the reasons set forth below, we answer in the affirmative.

Plaintiff and defendant were married on 2 November 1968. They have one son, Christopher V. Henderson, born 23 May 1973. The parties were divorced on 20 December 1979. Plaintiff brought an action against the defendant seeking *inter alia* custody of the child, alimony, certain marital property and attorney fees. Defendant answered and demanded a jury trial. The case came on for trial in District Court, New Hanover County, before District Judge Carter Lambeth and a jury in March 1980. After the close of defendant's evidence, the parties informed the judge that they had negotiated and agreed and consented to the entry of a judgment of the court. The consent judgment entered by the court on

24 March 1980 contains extensive findings of fact, conclusions of law and an ordering paragraph in the customary language: "WHEREFORE, UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:" and is signed by Judge Lambeth.

The judgment, bearing the consent of the parties as evidenced by their signatures as well as those of their respective counsel, includes *inter alia* the following pertinent findings of fact:

17. That both parties hereto . . . realizes (sic) that this is a full and final settlement of a disputed or doubtful claim, and wishes (sic) to terminate the pending litigation and to finally and fully settle all matters and things in controversy between them as herein set forth.

18. That each and every provision of this Judgment are mutually dependent upon each other, are not separate and independent provisions, and that the parties hereto intend for each provision herein to be in consideration of each of the other provisions herein and that this Judgment is an integrated Agreement of the parties hereto.

19. That except as specifically provided for in this Judgment the parties hereto waive all rights arising out of the marital relationship and this Judgment embodies the entire understanding between them and is absolute and irrevocable and may not be altered or terminated except with the consent of both of the parties hereto.

The judgment also contains *inter alia* the following pertinent conclusions of law:

WHEREFORE, UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

. . .

(C) That Plaintiff is the dependent spouse of Defendant and Defendant is the supporting spouse of Plaintiff as those terms are respectively defined by North Carolina General Statutes, Sections 50-16.1(3) and 50-16.1(4).

(D) That Plaintiff is entitled to support for herself and an award of periodic alimony payments from Defendant, and

that Defendant is fully capable of providing reasonable periodic alimony payments to Plaintiff.

. . .

(G) That this Judgment is an integrated agreement of the parties, that each provision contained herein is intended to be in consideration for each of the other provisions, and that none of the terms and provisions set forth herein shall be modified in the future unless both of the parties consent to such modifications except for the matter of the custody and support of the minor child born of the marriage of Plaintiff and Defendant which said matter of custody and support will remain open for review and modification by this court until the majority of said child.

Following the foregoing conclusions there appears the following ordering paragraph:

"WHEREFORE, UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:"

In subsequent paragraphs defendant was ordered to pay $500.00 per month as "periodic alimony payments for the support and maintenance of Plaintiff . . . until the death of the Husband or the death or remarriage of Wife . . . ."; was further ordered to be responsible for the minor child's medical bills; to maintain a life insurance policy on his own life for the benefit of the child; to pay all debts incurred by the parties prior to their divorce; and to surrender substantially all furniture, furnishings, household goods and other contents of the homeplace as well as one of two 1976 Toyota automobiles owned by the parties. Plaintiff was ordered to execute and deliver to the defendant a warranty deed conveying her interest in the homeplace to him in exchange for the sum of $7,000.00 to be paid to the plaintiff. Defendant was awarded secondary custody of the minor child with generous visitation privileges. Then follows the pertinent closing paragraph:

*Nineteenth:* That this cause be, and the same hereby is retained for the further orders of this court with respect to the custody and support of the minor child of the parties hereto, and that in all other respects this Judgment may not

be modified except with the express written consent of the parties hereto.

On 17 July 1980 defendant filed a motion, alleging *inter alia* that plaintiff was in desperate need of psychiatric care; had "continually used their minor child as a pawn in [her] calculated game of vindictive harassment of Defendant;" appeared to be "succeeding in the poisoning of the mind of the seven year old minor child . . . . ;" and had denied defendant his visitation privileges. In his prayer for relief defendant asked that plaintiff be held in willful contempt for violation of the terms of the 13 March 1980 consent judgment and that he be awarded custody of the minor child. Thereafter, on 18 September 1980 plaintiff filed a motion alleging defendant's violation of the terms of the 13 March 1980 consent judgment by his failure to make alimony payments in "an attempt to coerce and induce" the plaintiff into giving up the custody of the child to the defendant. She asked that the defendant be adjudged in willful contempt for this failure to abide by the terms of the consent judgment.

In his Judgment and Order dated 15 December 1980, Judge Lambeth, after hearing the evidence on the two motions, recited *inter alia* the following as a finding of fact:

9. The March 13, 1980, Judgment was drafted by Frederick D. Anderson, Esquire, counsel for Defendant, and submitted to the court for approval and adoption. The provisions contained in Paragraph Eighteen, Page 3, of the Findings of Fact and Paragraph (G), Page 3, of the Conclusions of Law recite that the provisions of the Judgment are not separate but mutually dependent upon each other and in consideration of one another and that the judgment is an integrated agreement of the parties, unmodifiable in the future except for the matter of custody and support. The court in adopting this Judgment containing this language did not intend nor did it waive any right of the court to enforce a willful violation of any term of this Judgment by civil contempt.

Defendant contends that the March 13, 1980, Judgment amounted to nothing more than a contract between the parties and is not enforceable by contempt. Defendant further contends that his obligation to pay alimony under the Judg-

ment terminated at such time as Plaintiff breached the child visitation provision of the Judgment.

This court finds as a fact that even if those portions of the March 13, 1980, Judgment dealing with the property settlement and alimony provisions amount to nothing more than a contract, then the violation by Plaintiff of the visitation provisions of this Judgment (though willful) was provoked by the conduct of the Defendant. This court further finds that both parties have breached provisions of the Judgment and that each breach has been provoked by the conduct of the other party and that neither party has clean hands or is without fault. The court further finds as a fact that both Plaintiff and Defendant are entitled to specific performance of the Judgment.

He concluded that both parties were in willful contempt of the 13 March 1980 Consent Judgment; that the minor child was "an emotionally abused child in need of protection from the court;" and that it was "presently in the best interest and welfare of the minor child that the legal custody of the child be placed in the New Hanover County Department of Social Services."

Plaintiff was ordered to comply with the visitation and other provisions relating to the minor child. Defendant was ordered confined to the common jail of New Hanover County for failure to pay alimony until such time as he paid $2,750.00 in arrearage.

In an opinion filed 2 February 1980, the Court of Appeals affirmed Judge Lambeth's order with the exception of that portion of the order dealing with defendant's willful failure to pay, finding from the record insufficient evidence of defendant's ability to comply with the order during the period of default or with the order to pay the arrearage.

*Goldberg & Anderson, by Frederick D. Anderson, Attorney for Defendant-Appellant.*

*W. G. Smith, by Bruce H. Jackson, Jr., Attorney for Plaintiff-Appellee.*

MEYER, Justice.

Defendant-appellant presents only one issue on appeal, cast in the following language:

I. Does a wife's failure to allow a husband visitation with his son, excuse husband's duty to pay periodic support payments to wife under a consent judgment, which specifically states that each party's respective duties thereunder are interdependent and not independent, that it is an integrated agreement of the parties, that it may not be modified without the express written consent of the parties, and that it is a full and final settlement of all property and marital rights between the parties?

In so styling the issue, defendant places this Court in the anomalous position of having to decide a question of law based on an underlying assumption, the non-modifiability of the alimony-type provision. Because the assumption and any legal implications arising from it are in no way pertinent to our holding, our discussion will focus only on the enforceability issue. The modifiability issue is not determinative of the question before us. Thus, we have purposely not quoted or summarized the provisions of the judgment relating to the periodic payments for the support of the wife because the nature of those payments as "alimony" or as part of an "integrated settlement" or their "modifiability" or "non-modifiability" does not affect their enforceability by contempt as court-ordered payments under a court-adopted consent judgment. It is perhaps because of some misinterpretation of the language in some of our prior opinions that attorneys repeatedly argue to this Court that if the support provisions of a court-ordered consent judgment are "modifiable" the judgment is enforceable by contempt but if they are "not modifiable" the judgment is not enforceable by contempt. We wish to dispel any such notion and to make it clear now that modifiability and enforceability are not interdependent.

In *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964), we stated that "any judgment which awards alimony, notwithstanding it was entered by the consent of the parties, is enforceable by contempt proceedings should the husband wilfully fail to comply with its terms. *If the judgment can be enforced by contempt, it may be modified and vice versa.*" (Emphasis added.) In *White v. White*, 296 N.C. 661, 665, 252 S.E. 2d 698, 701 (1979), we stated that a court-adopted consent judgment *"is both modifiable and enforceable by the court's contempt power."* (Emphasis added.) *White*, like *Bunn*, involved the modification of a

provision which had been determined to be "alimony" and thus modifiable. The rule is more clearly stated in our most recent decision of *Rowe v. Rowe*, 305 N.C. 177, 183, 287 S.E. 2d 840, 844 (1982), which points out that when "the court adopts the agreement of the parties as its own and *orders* the supporting spouse to pay the amounts specified as alimony . . . [the] order is enforceable by the court's contempt powers." This Court further noted that *"[o]rdinarily* it is also modifiable." *Id.* (Emphasis added.) We read the language in these cases as establishing a rule which merely states that a payment of "alimony" in a court-ordered judgment is enforceable by civil contempt, *and,* as we stated in *Rowe,* it is also modifiable by virtue of our holding in *Bunn,* and now as a result of G.S. § 50-16.9. We have never held, nor do we now hold, that the court's power to enforce its orders in a consent judgment is dependent upon whether the provision is subject to modification. It was unnecessary for the Court of Appeals to determine or even discuss the issue of the modifiability of Judge Lambeth's order.

A court-adopted consent judgment in a domestic setting has been variously characterized as a species of *contract which has been superseded by the court's adoption of the agreement* between the parties "as its own determination of their respective rights and obligations . . . ." *Bunn v. Bunn,* 262 N.C. at 69, 136 S.E. 2d at 241. *See Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840; *White v. White,* 296 N.C. 661, 252 S.E. 2d 698; *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). So far as the support payments to the wife are concerned, the agreement of the parties becomes an order of the court, thus losing its identity as a contract.

Once the court adopts the agreement of the parties and sets it forth as a judgment of the court with appropriate ordering language and the signature of the court, the contractual character of the agreement is subsumed into the court-ordered judgment. *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27 (1948). At that point the court and the parties are no longer dealing with a mere contract between the parties.[1]

---

1. That is not to say that such a contract (separation agreement) may not eventually result in a judgment of the court which would be enforceable by contempt. The alimony provisions of a separation agreement are enforceable by a decree for

The power of the court to enforce its judgment is no less and no greater for a court-adopted consent judgment than for a judgment resulting·from a jury verdict in a hotly contested adversary proceeding. *Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882 (1961); *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576 (1942).

It is clear beyond any question that Judge Lambeth's judgment of 13 March 1980 is a court-adopted consent judgment. As such, the court may, upon a showing of willful failure to comply, enforce such judgment by civil contempt. A court-ordered consent judgment is enforceable by civil contempt notwithstanding the fact that it contains unequivocal language that it is non-modifiable. Hence here Judge Lambeth, in his subsequent order of 15 December 1980, acted within his authority in ordering both parties to comply with the 13 March 1980 judgment.

Civil contempt is based upon acts or neglect constituting a *willful* violation of a lawful order of the court. A failure to obey an order of the court cannot be punished by attachment for civil contempt unless the disobedience is willful. It is well settled that one does not act willfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered. *See* G.S. § 5A-21. The trial court must find as a fact that the defendant presently possesses the means to comply. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966).

---

specific performance without the necessity of a prior suit to recover money damages for arrearages. *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979). Willful failure to comply with the decree of specific performance could subject the offense to attachment for civil contempt. While when suit is brought for an order for specific performance of a separation agreement the burden rests on the party seeking the order to first allege and prove that he or she has performed the obligation under the contract, *Whalehead Properties v. Coastland Corp.,* 299 N.C. 270, 261 S.E. 2d 899 (1980), such is not the case in the action for civil contempt for failure to comply with a court-ordered consent judgment for the payment of alimony. Moreover, as defendant correctly points out, parties to a contract-type separation agreement may rely on the contract remedy of excused performance. Thus in *Wheeler v. Wheeler,* 299 N.C. 633, 263 S.E. 2d 763 (1980), this Court held that one party's breach of a provision in a separation agreement excuses the other's performance under an agreement where the provisions were interdependent. Should it be the sole intention of the parties to contract between themselves and to rely solely on contract law for their rights and remedies under the agreement, they must make that decision prior to invoking the court's power to adjudicate their rights and order performance.

In finding of fact number 8, Judge Lambeth found that defendant's failure to make the payments in question "has been willful and without just cause or excuse." In addition, finding of fact number 10 is devoted exclusively to the issue of ability to pay and willfulness of defendant's failure to pay:

10. Defendant is an able-bodied man, employed as a pilot for Piedmont Airlines. Defendant is under no legal, mental or physical disabilities which precludes him from complying with the alimony provisions of the March 13, 1980, Judgment which Defendant consented to. The Defendant had the present ability to comply with the alimony provisions of the March 13, 1980, Judgment when it was entered. There have been no change of circumstances as to the Defendant's ability to comply with said provisions since entry of the March 13, 1980, Order. Defendant has the present ability to comply with the alimony provisions but has willfully failed and refused to comply with the March 13, 1980, Judgment since June of 1980. Defendant is presently in arrears under said order for the months of July, August, September, October, November and one-half of December 1980. The total arrearage as of date of hearing is $2,750. Defendant is in willful contempt of court for failure to pay alimony as ordered in the judgment.

Such finding must of course be supported by evidence in the record. Our review of the record discloses that the finding of willfulness is unsupported by the evidence. No evidence was adduced at the hearing with respect to any assets or liabilities of the defendant, any inventory of his property, his present ability to work, nor even his present salary.

If, as here, the finding that the failure to pay was willful is not supported by the record, the decree committing defendant to imprisonment for contempt must be set aside. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391; *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867 (1955); *Vaughan v. Vaughan,* 213 N.C. 189, 195 S.E. 351 (1938); G.S. § 5A-21.

We agree with the author of the opinion of the Court of Appeals that there is insufficient evidence on the record of defendant's willful failure to comply. The Court of Appeals was correct in vacating the portion of Judge Lambeth's judgment holding

defendant in contempt and ordering his confinement until the arrearages were paid and in remanding the case for further proceedings with respect to the willfulness of defendant's failure to pay.

Affirmed.

Justice MARTIN took no part in the consideration or decision of this case.

Justice CARLTON concurring.

I concur in the majority holding, and the reasoning given in support, that a court's power to enforce a separation agreement set out in a consent judgment is not dependent upon whether the judgment is subject to modification. I cannot agree, however, that we "have never held" to the contrary. If we haven't, we have come awfully close. As the majority acknowledges, there is language in some of our earlier decisions which led to the understanding that provisions concerning modifiability and enforceability by contempt were interdependent. At any rate, the majority now lays that misunderstanding to rest.

Justice EXUM concurring in result.

I agree with the Court's holding that a consent judgment may be enforceable by contempt even though it is not modifiable. I cannot concur, however, with some of the language in the opinion which seems to say that once an agreement of the parties has been made a judgment of the court, *i.e.*, has become a consent judgment, it loses the attributes accorded it as a contract, or as the majority puts it, it loses "its identity as a contract." As I have tried to show in my dissenting opinion in *Walter v. Walters*, filed this date, a parties' agreement made a judgment of the court is *both* a contract and a judgment. It is not *either* a contract *or* a judgment. The majority here and in *Walters* seems to think that consent judgments must be either contracts or judgments; and, having to choose, it prefers to treat them as judgments. Until these cases today, however, this Court has always recognized the *dual* nature of consent judgments. *See* my dissenting opinion in *Walters*, and cases therein cited. It is neither necessary, advisable nor in accordance with our precedents to choose judgment over contract or contract over judgment in order properly to

resolve these cases. In the instant case, therefore, I would hold that this consent judgment, albeit not modifiable because it is in part a contract, is nevertheless enforceable by contempt because it is also in part a judgment.