**Wade v. Wade**

---

MARY B. WADE v. CHARLES LESTER WADE

No. 828DC827

(Filed 5 July 1983)

**Divorce and Alimony § 21.3— enforcement of alimony award—failure to pay not proven to be willful and without lawful excuse—inability to reduce arrearage to judgment for sum certain**

In order to reduce an arrearage in alimony payments to judgment for a sum certain, plaintiff must prove not only the amount of the arrearage but also that defendant's failure to pay had been willful and without lawful excuse. G.S. 50-16.7(i).

APPEAL by plaintiff from *Goodman, Judge.* Order entered 1 June 1982 in District Court, LENOIR County. Heard in the Court of Appeals 19 May 1983.

*Jones and Wooten by Lamar Jones for plaintiff appellant.*

*No counsel, contra.*

BRASWELL, Judge.

This case involves an action for permanent alimony without divorce. By judgment entered 11 July 1979 defendant-husband was ordered to pay plaintiff-wife $100.00 per week permanent alimony.

On 19 November 1981, plaintiff filed a motion in the cause, alleging that defendant was $2,145.00 in arrears, and seeking to have all past due payments reduced to judgment for a sum certain. Defendant answered, admitting the arrearage but denying that he was financially able to make the payments. On 21 December 1981 Judge Goodman entered a consent order that upon payment by defendant of $1,350.00 by 1 February 1982, defendant would be deemed to be current in his alimony payments.

On 14 April 1982 plaintiff filed another motion in the cause, alleging that defendant had paid only $400.00 toward the $1,350.00 he had been ordered to pay, and again seeking to have the arrearage reduced to judgment for a sum certain. By order entered 1 June 1982 Judge Goodman found facts and concluded as a matter of law:

"1. That the Consent Order dated December 21, 1981 was actually an adjudication by the Court which is enforceable by contempt, rather than a contract approved by the Court which cannot be modified absent a consent of the parties.

2. That the defendant has failed to make alimony payments in the amount of Three Thousand One Hundred Fifty and No/100 Dollars ($3,150.00) as of the week of May 24, 1982.

3. That in the absence of any evidence to the contrary, the defendant's failure to pay the Three Thousand One Hundred Fifty and No/100 Dollars ($3,150.00) is not willful and is not without lawful excuse."

The court ordered that plaintiff's motion in the cause be dismissed. Plaintiff appealed from entry of the order.

In her brief plaintiff assigns as error the court's refusal to reduce defendant's arrearage to judgment for a sum certain. However, in violation of Rule 10, N.C. Rules App. Proc., the record before us contains no exception immediately following the judicial action to which it is addressed. As provided in Rule 10, the scope of appellate review is confined to the exceptions set out and made the basis of assignments of error in the record on appeal. In the absence of proper exceptions, our review is limited to whether the judgment is supported by the findings of fact and conclusions of law. Rule 10(a), N.C. Rules App. Proc.

The findings of fact in the order are based upon uncontroverted evidence. The findings support the conclusion of law, as stipulated to by the parties, that the unpaid alimony payments amounted to $3,150.00 as of the week of 24 May 1982. It is also undisputed, as stated in the first conclusion of law, that a judgment awarding alimony, even if entered by consent of the parties, is enforceable by contempt proceedings and may be modified by the court. *Henderson v. Henderson*, 307 N.C. 401, 298 S.E. 2d 345 (1983); *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979). It is also uncontroverted that the third conclusion of law is correct in that plaintiff did not present any evidence that defendant's failure to pay was willful and without lawful excuse. Based upon the findings and conclusions, the court dismissed plaintiff's motion in the cause.

It appears from the order that Judge Goodman believed that in order to reduce the arrearage to judgment for a sum certain, plaintiff had to prove not only the amount of the arrearage but also that defendant's failure to pay had been willful and without lawful excuse. G.S. 50-16.7(i) provides in part that "past-due periodic payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments." *Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E. 2d 561 (1977); 2 R. Lee, N.C. Family Law § 165 (1980). Although our research has disclosed no case law on the question of the degree of proof required to obtain judgment pursuant to G.S. 50-16.7(i), we believe it is consistent with domestic law in this State to require proof both of the amount due and a willful failure to pay. We hold that in actions for judgments on a sum certain, as in those for civil contempt, the moving party must show and the court must find as a fact that the respondent's failure to pay was willful, *i.e.*, that respondent possessed the means to comply with the order awarding alimony and/or child support during the period of default. *See Henderson v. Henderson, supra.*

We hold that the findings of fact and conclusions of law support the court's order dismissing plaintiff's motion in the cause.

Affirmed.

Judges ARNOLD and WEBB concur.