369 P.2d 296

Miles DILLMAN, d/b/a Modern Farm
Service, Plaintiff and Respondent,

v.

MASSEY FERGUSON, INC., Defendant
and Appellant.

No. 9498.

Supreme Court of Utah.

March 1, 1962.

Kipp & Charlier, Salt Lake City, for
appellant.

R. Earl Dillman, Roosevelt, for respondent.

WADE, Chief Justice.

This appeal is from a judgment in favor of Miles Dillman, doing business as Modern Farm Service, for breach of an agreement by Massey Ferguson, Inc., appellant herein, to buy back certain merchandise and to pay bonuses.

Viewing the evidence in the light most favorable to respondent, the court, as the trier of the facts, having found them in his favor, it appears from the record that respondent had entered into what was designated as a dealer sales agreement with appellant, wherein respondent agreed to sell appellant's farm machinery and parts on conditions stated therein. Among the terms and conditions of this contract were provisions to pay volume and performance bonuses, and upon termination to buy back new, current company products and parts. While this contract was still extant appellant Massey Ferguson desired to cancel respondent's dealership for it. Appellant offered to treat respondent Dillman better on buy-backs of parts and other items and to pay the bonuses if respondent would voluntarily terminate the sales agency. Respondent accepted this offer and signed the letter of resignation which had been presented to him at the time of the offer. Soon thereafter respondent Dillman inventoried and prepared for shipment back to appellant all unused parts which were eligible for buy-back according to appellant's instructions. Appellant Massey Ferguson sent its own truck to pick up the goods it had agreed to take back. The unused parts were taken back by its truck driver to its distributing headquarters in Pocatello, Idaho, and at a later date this driver returned for the items he was unable to load on his first trip. Appellant checked the parts sent back by respondent, accepted some and rejected others, which it shipped back to respondent. It then sent respondent Dillman a check covering payment only for the parts it had accepted. This did not include payment for the items known to the parties as whole goods and which had been taken by appellant's truck driver on a second trip to respondent's place of business. Appellant Massey Ferguson also did not pay respondent the amount accrued on the performance bonus, nor for the rejected parts.

Appellant contends the court erred in granting judgment for the amounts due for the rejected unused parts and other items because the acceptance and cashing of the check by respondent after protesting that it did not take care of all that was due him under his agreement with appellant amounted to an accord and satisfaction.

■ There is no merit to this contention. The check as stated in the letter by appellant in forwarding it to respondent represented "the amount due in full to com-

plete recent buy-back on your account." This amount represented all that was due for the items which they accepted. It was a liquidated amount for those items and respondent Dillman was not entitled to, nor did he claim, more for them. The dispute was not as to the amount found due for these items which were bought back by appellant Massey Ferguson, but as to whether it breached its contract by refusing to buy back the items it rejected. The accepting and cashing of a check which represented the actual amount due on items bought back by appellant is not such an act from which it can be implied that it was understood and intended by the parties that the dispute as to what items should be bought back under the agreement was settled. The dispute as to what appellant had agreed to buy back was not related to the payment made for items actually bought back. There was no dispute as to the amount due for those items and therefore it cannot be contended that the cashing of the check paying for such items constituted an accord and satisfaction of a dispute as to whether appellant had breached an agreement to buy back other items it had rejected, for as stated in 1 Am.Jur., Sec. 31, page 231:

"In some instances, the words, 'in full payment,' or those of a similar tenor, do not necessarily import or prove an accord, for it may be that there is more than one account pending between the parties, or the check may be qualified by concurrent transactions or letters * * * ."

In view of the dispute in this case as to the purpose of the check, the trial court could believe, as it did, that the sending and acceptance of the check was in no way related to anything other than payment for items actually bought back by appellant.[1]

 Appellant Massey Ferguson also contends the court erred in granting respondent the amount due him for what was denominated a "performance bonus," because in the written agreement a condition precedent to the entitlement for such bonus was that the dealer sales agreement be in effect on October 31st of the year in which the bonus was earned, and respondent Dillman had resigned his dealership before that date. We find no merit to this contention because respondent did not claim the right to the bonus under the written contract but under the modification of that contract, whereby appellant agreed to pay that bonus in consideration of respondent's voluntary termination of the sales dealer agreement. As this court said in Davis v. Payne and Day, Inc.,[2] on page 57 of the

1. Tanner v. Utah Poultry & Farmers Co-operative, 11 Utah 2d 353, 359 P.2d 18.

2. Davis v. Payne and Day, Inc., 10 Utah 2d 53, 348 P.2d 337; 12 Am.Jur., Sec. 427, page 1004.

Utah Reports, 348 P.2d on page 340, "* * * parties to written contracts may modify, waive or make new terms regardless of provisions in the contracts to the contrary * * *."

Affirmed. Costs to respondent.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.