404 P.2d 140

**Ruth L. HORCASITAS (Formerly Ruth L. House), Plaintiff-Appellee,**

**v.**

**William W. HOUSE, Defendant-Appellant.**

**No. 7664.**

Supreme Court of New Mexico.

July 6, 1965.

318

Robertson & Reynolds, Silver City, for appellant.

E. C. Serna, Leland A. Stone, Silver City, for appellee.

NOBLE, Justice.

William W. House (defendant and appellant) has appealed from an order increasing his child support payments and adjudging him in contempt for failure to pay child support and for seeking his discharge in bankruptcy from certain community debts.

Custody of the two minor children was awarded to the wife (appellee) by a divorce decree in 1961 which required appellant to pay child support. By a property settlement agreement filed in the divorce case, the appellant agreed to pay community debts totaling some $12,000 and to hold the wife harmless on account thereof but, although the agreement was referred

to in the decree, the court neither expressly approved it nor entered any order respecting it. On November 21, 1962, the court reduced the support payments on the basis of a change in conditions, and appellant thereafter filed a petition in bankruptcy seeking his discharge from delinquent child support and from the balance of the community debts. Appellant now concedes that the child support payments are not dischargeable in bankruptcy and, therefore, that item is no longer an issue.

At the contempt hearing, appellant was adjudged to be in contempt for failure to pay for the support of his children and for seeking discharge in bankruptcy from the community indebtedness. The court provided that he might purge himself of contempt by (1) paying the delinquent and current child support and attorneys fees in specified monthly payments, and (2) either removing the community indebtedness from the bankruptcy schedule or reimbursing appellee for payments on such indebtedness at the rate of $65 per month. In addition, appellant's release from the community indebtedness was held by the court to be such a change of circumstances as to justify the requested increase in child support payments.

■ Appellant complains of the reception of evidence concerning his financial condition prior to the modified support order of November 21, 1962, on the ground that those matters had been finally adjudicated by that order. What he fails to appreciate, however, is that a principal issue on the request for increased child support was whether his circumstances had so changed as to warrant the increase requested. In order to determine whether such a change had occurred, it was necessary to examine into and consider his prior circumstances. We find no error in the admission of this evidence.

■ The court's finding that appellant's failure to pay child support was not due to his inability to pay is attacked as unsupported by substantial evidence. Appellant cites evidence of a number of factors which he contends support the contention that his failure was not willful but rather was due to an inability to meet all of his obligations. A review of the record convinces us that the finding has substantial support in the evidence and is, therefore, binding on us, Cillessen v. Kona Company, 73 N.M. 297, 387 P.2d 867. Clearly, the fact that there may have been contrary evidence which would have supported different findings does not permit this court to weigh the evidence. State ex rel. Reynolds v. Lewis, 74 N.M. 442, 394 P.2d 593. The refusal to adopt appellant's requested conclusions, contrary to those made by the court, is not error where, as here, the conclusions adopted are supported by ultimate facts based upon substantial evidence. As was said in Consolidated Placers v. Grant, 48 N.M. 340, 151 P.2d 48, and Isaac v.

Seguritan, 66 N.M. 410, 349 P.2d 126, "[c]onclusions of law must be predicated upon, and supported by, findings of fact." It follows that the court acted within its discretionary power in employing judicial sanctions to coerce appellant into compliance with its order for payment of child support. State ex rel. Apodaca v. Our Chapel of Memories of New Mexico, Inc., 74 N.M. 201, 392 P.2d 347.

■ Even conceding that point, it is asserted that the finding of $410 in arrears for child support amounts to an unlawful modification of the November 21, 1962 order which reduced support payments and found only $300 to be due. Overlooked, however, is the fact that $100 became due three days after the 1962 order was entered and could not have been included in the amount found by that order because it was not then due, although it had mostly accrued. The contention is without merit.

■ Appellant was also adjudged to be in contempt for seeking his discharge in bankruptcy from the community debts. The contempt order permitted him to purge himself by either withdrawing this indebtedness from his bankruptcy schedule, or paying appellee $65 per month to reimburse her for the payment of such indebtedness. However, appellant's obligation with respect to the payment of this indebtedness rested solely upon his promise to the appellee and was not created by virtue of an order of the court. Contempt cannot be predicated upon the breach of a promise to an individual. See In re Fullen, 17 N. M. 394, 128 P. 64. It follows, therefore, that such adjudication of contempt was erroneous and must be vacated.

■ We agree with the trial court that the discharge of appellant's obligation to pay the community debts and the resulting liability thrust upon appellee to honor those obligations constitutes a changed circumstance or condition which vastly improved appellant's financial condition and reduced appellee's ability to support the children. We think such changed circumstances justify an increase in child support payments so that appellee's financial ability to care for the children would remain substantially as before she was required to pay such debts.

■ We find no abuse of the court's discretion in awarding attorneys fees to appellee or in requiring their payment as a condition to purging himself of contempt. Furthermore, the appellee will be awarded attorneys fees in the sum of $375 on account of this appeal.

The case will be remanded with instructions to vacate the judgment appealed from and to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.