Leon L. OEDEKOVEN, Appellant
(Defendant below),

v.

Auguste Gloria OEDEKOVEN, Appellee
(Plaintiff below).

No. 4478.

Supreme Court of Wyoming.

Aug. 12, 1975.

Bruce P. Badley and Micheal K. Shoumaker, Sheridan, for appellant.

Thomas E. Lubnau, Gillette, for appellee.

Before RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

One serious question, as we see it, arises in this appeal: Is contempt the proper path to travel when a property settlement agreement is only ratified and confirmed by the divorce decree, without incorporating a direction that the parties comply with its terms? There are other significant queries raised by appellant intertwined with that problem which we shall dispose of at the time they are reached.

A property settlement agreement was placed in the court file on February 3, 1969, and noted on the docket. The appellant-defendant and the appellee-plaintiff, at an uncontested hearing, were divorced by a decree entered on February 6, 1969. The decree provided, "IT IS FURTHER CONSIDERED, ADJUDGED AND DECREED that the Property Settlement Agreement filed herein be, and the same is hereby ratified and confirmed in all respects." There was no other reference to the agreement in the decree.

The plaintiff, over four years later, filed a motion for an order to show cause why defendant should not be punished for contempt of court for failure to comply with the divorce decree to pay $1,950.00 claimed due; a citation issued. The matter was heard and the court found and ordered, "that the defendant be and he is hereby in contempt of court for failure to pay the sum of $1,950.00 to plaintiff and said contempt may be purged by defendant paying said sum within thirty (30) days from the date hereof," all for failure to comply with the divorce decree dated February 3, 1969 and entered February 6, 1969.

The rule is plainly stated in 24 Am.Jur. 2d (Divorce and Separation) § 921, p. 1049:

"Assuming that performance of an act called for by a property settlement may be enforced by a contempt proceeding where the court distinctly orders performance, performance will not be so enforced where the decree is not to be construed as including such an order. Thus, if the decree approves a property settlement but does not order the parties to perform its obligations, the violation of the agreement is not a violation of the decree and is not a contempt of court."

To the same effect is 27B C.J.S. (Divorce) § 300(3), p. 382, where it is said:

"The provisions of a property settlement agreement, which is complete in itself and is merely referred to in the decree or approved by the court but not actually made a part of the decree, cannot be enforced by contempt proceedings. * * *"

The rule as stated is fortified by the following cases: *Shepherd v. Shepherd,* 1967, 223 Ga. 609, 157 S.E.2d 268; *Mitchell v. Mitchell,* 1967, 270 N.C. 253, 154 S.E.2d 71; *Horcasitas v. House,* 1965, 75 N.M. 317, 404 P.2d 140; *Wright v. Stidham,* 1964, 95 Ariz. 316, 390 P.2d 107; and *Stanley v. Stanley,* 1946, 226 N.C. 129, 37 S.E.2d 118.

■ The reasoning in the cited cases is that a mere approval of a property settlement agreement is not a command to pay what is due by its terms and so, therefore, there is no order of the court or decree of the court that has been violated. Furthermore, there are hovering in the background constitutional implications that a person may not be imprisoned for debt but we avoid nailing our decision to that reason. The result we then have is when a party to a divorce action, where the court has only approved and ratified the agreement, asserts nonpayment under its conditions, he or she is confined to a claim on contract, not enforceable by contempt proceedings. We so hold and consider it fundamental reversible error to hold defendant in contempt with all its overtones of punishment under such circumstances, even in absence of objection. The obligation sought to be enforced is negotiated and contractual and while arising out of marriage, the remedy must conform to the right asserted—one consistent with contract and not a decree enforceable by attachment of the person.

■ Our holding does not invalidate the entire proceeding because we can see no objection to such an action being taken in the same file wherein appears the process-ing of the divorce. In that it is related and arising out of the parent action, docketing in the same case is convenient. A separate action is available, however, and may be more practical as, for example, to pursue contract enforcement in another county where the situation would be more favorable for service of process and convenience of the litigants. The pleadings and associated papers are clear that plaintiff is claiming $1,950.00 arising out of the divorce proceeding so the defendant is not misled that plaintiff is after something different than the money she claims under a related contract. The record reveals both parties were in court and did litigate a dispute over their divorce agreement. It would be a waste of judicial time, the effort of counsel and a generally inefficient judicial administration to require plaintiff to initiate new proceedings or order a new trial because of an invalid finding and order that the defendant was in contempt and threatened with punishment if he failed to make payment of the disputed amount within 30 days.

By Rule 72(c), W.R.C.P., "A judgment rendered or final order made by the district court may be reversed in whole or in part, vacated or modified by the supreme court for errors appearing on the record." This should be read with subparagraph (i) of the same rule providing that when a judgment or final order is reversed in whole or part, the supreme court may remand the case to the district court for such judgment as that appellate court directs.

■ Upon a reversal, if it appears to the supreme court that a new trial could serve no useful purpose, the district court may be directed to enter a judgment in favor of the person entitled, when the proper amount can be readily ascertained from the record. *Willis v. Asbury Transportation Co.,* Wyo.1963, 386 P.2d 934, 938; *Bryant v. Cadle,* 1909, 18 Wyo. 64, 97, 104 P. 23, mod. on reh. 18 Wyo. 64, 106 P. 687.

The parties are before the bench as is the evidence to grant or deny a simple

judgment for money and thus can be saved a return trip to court. We therefore shall treat the case as an action on contract for money and examine the proceedings and evidence in that light. Further yet, we see no need to remand this case for a new trial in that there is no indication that the evidence would be any different if it were retried. Error here goes only to remedy.

Apparently, all the parties were under the impression at the time of the hearing that it was in fact a contempt proceeding. Defendant made no objection to the nature of the proceeding. Accordingly, when asked whether defense counsel wished to make an opening statement, counsel for the defendant indicated that he would and the court said he thought the defendant had the "burden of going ahead" and thereupon counsel for the defendant, without objection, proceeded to make an opening statement. Counsel for the defendant, following opening statements, asked the court, "Do you want us to present ours first?" The court stated, "On an Order to Show Cause you have the burden of going ahead." The defendant then went ahead, also without objection.

The defendant takes the position that this imposed some sort of an unfair burden upon him of proving that he owed the plaintiff nothing which he must carry by a preponderance of the evidence. The court did not say what defendant attributes to his statements. There is an obvious difference between the "burden of going ahead" and the "burden of proof." We do not intend to either explore or decide in any great depth the matter of the burden in its intricate technical aspects but we shall examine the evidence to determine whether sufficient to sustain the trial court's finding that the defendant owes the plaintiff $1,950.00 on the agreement.

■ Defendant made no objection to the order of evidence in the trial court; we will not consider matters raised for the first time on appeal unless they go to the

jurisdiction or are otherwise of such fundamental nature that we must take cognizance of them. *Guggenmos v. Tom Searl-Frank McCue, Inc.*, Wyo.1971, 481 P.2d 48; *Laramie Printing Trustees v. Krueger*, Wyo.1968, 437 P.2d 856, 859; *Moore v. Kondziela*, Wyo.1965, 405 P.2d 788; *Gaido v. Tysdal*, 1951, 68 Wyo. 490, 235 P.2d 741.

■ Before departing from the subject, then, we should clear the air of any thought that there is any fundamental reversible error with respect to order of evidence followed and over which the defendant claims error. As said in *Reinke v. Personnel Board*, 1971, 53 Wis.2d 123, 191 N.W.2d 833, 837:

"The phrase 'burden of proof' is used in the sense of burden of persuasion rather than who has the burden of going forward with the evidence. The burden of going forward with the evidence is a procedural device for the orderly presentation of a case, and shifts to the other party when a prima facie case has been established. The trial court was correct in stating that the allocation of this burden is of no significance as long as a fair hearing is conducted. * * *"

See also *Ambrose v. Wheatley*, D.C.Del. 1971, 321 F.Supp. 1220, 1222 (note 6); *Star Manufacturing Co. v. Atlantic Coast Line Railroad Co.*, 1942, 222 N.C. 330, 337–338, 23 S.E.2d 32, 39; and *Behnke v. President and Board of Trustees of Village of Brookfield*, 1937, 366 Ill. 516, 518, 9 N.E.2d 232, 233. An order to show cause is no more than an invitation to the defendant to explain what the plaintiff has charged by affidavit in support of her motion for a citation. Plaintiff has opened the attack by her motion and it is her burden of persuasion to convince the court that there is money due her on the contract. A court must decide the case on all the evidence, regardless of by which party it is presented or when.

The squabble swirls around paragraph 5 of the agreement in its language:

"That the defendant shall have an absolute option to purchase Plaintiff's * * * one-half (½) interest in the personal property described in Exhibit 'C.' * * * the purchase price for the personal property shall be one-half (½) of the value of same as set forth in Exhibit 'C.'[1] to-wit: The sum of $18,900.-00."

The defendant testified that plaintiff was overpaid in that she received the following sums: $1,000.00 and $5,000.00 by check, $1,500.00 by taking one of two trailers, $5,500.00 she spent from their joint bank account to pay for a Cadillac automobile, and $1,300.00 taken by her from their dresser drawer which was income from a hunting guide business they operated. On cross-examination, it developed he was not sure how much was in the drawer but was satisfied that she got $1,300.00. The $5,-000.00 check had written on its face, "full payment on machinery," was cashed by plaintiff and defendant contends that this alone wipes out any claim his former wife may have had and was accord and satisfaction.

As is usual, there is another side of the story as revealed by the testimony of the plaintiff. She had no argument with the $1,000.00 and $5,000.00 payments nor with allowing defendant a credit of $1,500.00 for one of two trailers listed on Exhibit C, referred to in the agreement. This totalled $7,500.00; one-half of the value of personal property agreed to be $18,900.00, was $9,450.00; so she claims entitlement to the difference of $1,950.00.

By plaintiff's testimony it was disclosed that the "full payment on machinery" statement appearing on the check was not a settlement or accord and satisfaction as far as she was concerned because Exhibit C to the agreement included not only machinery but also $3,400.00 worth of livestock as well as items of other personal property, not necessarily machinery. It was further disclosed by her testimony that the joint bank account was never intended to be and was not included in their written settlement agreement nor even mentioned there and, as between themselves, any expenditures from the account by each of them was by mutual assent and had nothing to do with their written agreement and pointed out that where she spent $5,500.00 for a Cadillac, he had spent from the same account $6,500.00 to buy a house trailer for his girl friend. She testified that she had used some of the money from the drawer, and that her husband had used some of it, too.

Examination of the written settlement agreement reveals that not one word is there mentioned about the disposition of the bank account or any cash on hand of

1. Exhibit C to the agreement is as follows:

| | |
|---|---:|
| "Crawler Tractor | $ 1,000.00 |
| "Boat and Trailer | 1,000.00 |
| "Car | 1,500.00 |
| "Truck | 1,000.00 |
| "Pickup | 800.00 |
| "Car | 200.00 |
| "Tractors (3) | 5,000.00 |
| "Farmhand | 1,000.00 |
| "Swather | 500.00 |
| "Baler | 500.00 |
| "Trailer Houses (2) | 3,000.00 |
| "Sheep (50 head) | 1,500.00 |
| "Horses (4 head) | 300.00 |
| "Bulls (8 head) | 1,600.00 |
| "Total | § 18,900.00 |
| "Wheat (⅓ of harvested crop) | $_____" |

There is no dispute about the wheat item.

the parties. By plaintiff's testimony and a bank statement in evidence, it appears that the joint account was not closed until almost two weeks after the divorce decree was entered and both were drawing on it in the meantime.

The defendant tendered no rebuttal testimony to that of the plaintiff, though offered the opportunity, so her version remains undisputed.

■■ The "full payment on machinery" notation on the check with its subsequent acceptance was not accord and satisfaction, by it being endorsed and cashed, for the reason that the statement was not clear and does not purport to be in full as payment for personal property under the agreement because the agreement included livestock and other items which may not be machinery in its strict definition. In order to be an accord and satisfaction, there must be a meeting of the minds of the parties upon the subject and an intention on the part of both to make such an agreement. *Edwards v. Morrison-Knudsen Co.,* 1963, 61 Wash.2d 593, 379 P.2d 735, 740. When the defendant is thinking machinery in one sense and the plaintiff was thinking further of not only machinery in its exact sense but also of a boat, trailers and cattle, in particular, or personal property as itemized in Exhibit C of the agreement, it is understandable that their minds may not have met. The association of the term "machinery" with the other items is not clear, could be misleading and is doubtful.

■ As was aptly said in *Fairchild v. Mathews,* 1966, 91 Idaho 1, 4, 415 P.2d 43, 46:

"In order for the acceptance of a check to amount to an accord and satisfaction, where it is for a lesser sum than is claimed by the creditor to be due, the conditions must be made plain, definite and certain by the debtor that he is giving such check in complete settlement and satisfaction of all account between him and his creditor and that acceptance thereof shall close the account or contro-

versy. Also an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of the acceptance; in effect, that his taking of a check would be tortious except upon the assumption of a taking in full satisfaction. It cannot be too strongly stated that an accord and satisfaction can never be implied from language of doubtful meaning; indeed, the words themselves deny this possibility. Hence, where a substantial doubt arises, there can be no such application, the usual rule applies, and the payment will be treated as on account only. [Citing cases.]"

See also to the same effect *Kibler v. Frank L. Garret & Sons, Inc.,* 1968, 73 Wash.2d 523, 439 P.2d 416; *Dillman v. Massey Ferguson, Inc.,* 1962, 13 Utah 2d 142, 369 P.2d 296; and *Western Air Lines v. Hollenbeck,* 1951, 124 Colo. 130, 235 P.2d 792. We do not set aside the holding in *Thayer v. Smith,* Wyo.1960, 357 P.2d 1115, where the check delivered in accord and satisfaction was clear in its notation and was accepted in full satisfaction of the debt.

■ An appellate court must assume the evidence in favor of the successful party to be true and leave out of consideration the evidence of the unsuccessful party in conflict therewith, and give the evidence of the successful party every favorable inference which may reasonably be drawn from it. *Piner v. Piner,* Wyo.1973, 511 P.2d 94, 95; *Zullig v. Zullig,* Wyo.1972, 502 P.2d 198, 200; *Thayer v. Smith,* Wyo.1960, 357 P.2d 1115, 1118; and *Jacoby v. Town of City of Gillette,* 1947, 62 Wyo. 487, 494, 174 P.2d 505, 506, 169 A.L.R. 502, 504–505, reh. den. 62 Wyo. 487, 177 P.2d 204.

The evidence, then, can be reasonably interpreted to show that there was no accord and satisfaction, the bank account and cash were outside the contemplation of the written agreement, to be and were disposed of in accordance with the mutual understand-

ing of the parties and the withdrawal and use of part of those funds by plaintiff were not credits to the obligation of the defendant on the contract. Plaintiff is therefore entitled to recover the unpaid balance due her.

Affirmed in part and reversed in part. Remanded to the district court with directions to vacate the order finding and holding defendant in contempt and enter in lieu thereof a money judgment in favor of plaintiff and against the defendant in the sum of $1,950.00.