OPINION
LARSON, Judge:
This is an action seeking to collect amounts alleged to be due under a contract for snow removal services rendered by Estate Landscape and Snow Removal Specialists, Inc. (Estate Landscape). Defendant Mountain States Telephone and Telegraph Company (Mountain Bell) appeals from a judgment in favor of Estate Landscape.
Estate Landscape and Mountain Bell entered into a written contract which provided that Estate Landscape would remove snow from certain buildings occupied by Mountain Bell in return for payment at a specified rate. Estate Landscape performed its work suitably, and billed Mountain Bell twice, once for work through December 27 and again at the end of the snow season.[2] The billing separately listed each snow removal item by date.
Mountain Bell paid the first bill, but considered the $30,162.90 total of the second bill to be excessive for the services at its Alta office. It therefore sent Estate Landscape a check for only $8,613. The check did not contain a restrictive endorsement or a waiver on its face. Upon receipt of the check, Estate Landscape responded by acknowledging partial payment and requesting the balance remaining, but Mountain Bell refused to pay the balance. Next, *417 Mountain Beil sent Estate Landscape a letter[3] explaining its position concerning the bill for the Alta office. According to the letter, the contract for the Alta office provided that Estate Landscape would remove snow when it reached a depth of four inches. From snowfall records for Alta, it appeared that Estate Landscape had billed for snow removal on days when the snowfall was less than four inches. On the basis of the snowfall records, therefore, Mountain Bell refused to pay for snow removal on certain days for which Estate Landscape had charged for its services. The letter specifically detailed all contested snow removal services by date. Mountain Bell’s letter concluded:
Based on the above identified billing discrepancies we have enclosed[4] check for $8613.00 which is payment in full for satisfaction of contracted services. If you are not willing to accept that sum, $8613.00 in full satisfaction of sums due, DO NOT negotiate the check, for upon your negotiation of that check, we will treat the matter as fully paid.
(Emphasis in original).
When Estate Landscape received the letter, the check it had earlier received from Mountain Bell had not been cashed. Estate Landscape responded to Mountain Bell’s letter by commencing this action against Mountain Bell. Initially, Estate Landscape complained for the entire $30,-162.90 of its second bill for the winter of 1984-85. About two weeks after filing suit, Estate Landscape endorsed the check from Mountain Bell and cashed it, then amended its complaint against Mountain Bell to seek only the difference between the amount of the check and the amount billed.
Mountain Bell moved for summary judgment on the grounds that its letter and check tendered to Estate Landscape were an accord and satisfaction of its obligation under the snow removal contract. The district court, per Judge Michael R. Murphy, denied the motion, noting that Mountain Bell admitted that it owed the amounts tendered in the check. The case proceeded to trial before the bench.
At trial, Judge Timothy R. Hanson considered the earlier denial of summary judgment to have resolved the question of accord and satisfaction, and granted judgment to Estate Landscape for the amount of its bill, less certain charges for work not mentioned in the contract. The judgment included interest accruing before judgment, compounded annually. Mountain Bell appeals.

Factual Standard of Review in Summary Judgment

Mountain Bell now argues that the trial court erred in treating its motion for summary judgment as dispositive of its accord and satisfaction defense and thereafter refusing to reopen that issue at trial on the grounds that it was law of the case. Mountain Bell argues that the combined effect of the dispositive summary judgment and the refusal to try the issue was an unfairly skewed view of the facts in the district court. Mountain Bell argues that the court views the facts for summary judgment purposes in a light unfavorable to the moving party, and therefore, because the summary judgment was treated as conclusive against the movant, the mov-ant here, Mountain Bell, never had a chance for a fair view of the facts on the issue.
Mountain Bell, however, is not precisely correct in thus describing a court’s factual viewpoint in deciding a motion for summary judgment. Although it may be true for most summary judgments that the *418 court views the facts in favor of the non-movant, that formulation takes into account only perhaps the most common outcomes of a motion for summary judgment, in which the moving party either receives the judgment it seeks, or all judgment is denied and the issue reserved for further consideration. However, in this case, Mountain Bell moved for summary judgment, and its motion was denied on the merits, and that denial effectively disposed of Mountain Bell’s accord and satisfaction defense.[5] Later, that disposition was regarded as the law of the case, and the accord and satisfaction issue was not reopened.[6]
Recognizing that the party adversely affected by the summary judgment has not had an opportunity for trial, the court views the facts in the light most favorable to that party.[7] In situations in which summary judgment is granted, the party adversely affected would be the party who did not move for summary judgment. If summary judgment is denied on the merits and a claim or defense of the movant thereby eliminated, then the facts are viewed in the light most favorable to the moving party. Summary judgment may also be denied without reaching the merits of any claim or defense, often because the court cannot reconcile the material elements of the parties’ versions of the facts, and thus cannot grant a summary judgment under Utah R.Civ.P. 56(c).[8] Since any material difference in the parties’ versions of the facts will preclude summary judgment, the shadings of light in which the facts are viewed cannot make a substantial difference in the result, even if the shading applied is erroneous.
In this case, Mountain Bell was the mov-ant for summary judgment on the accord and satisfaction issue. The district court’s memorandum decision on Mountain Bell’s *419 motion was clearly intended to lay the defense of accord and satisfaction to rest. Since a defense of Mountain Bell’s was thereby eliminated, the facts should be viewed in the light favorable to Mountain Bell. The record does not explicitly note whether the district court thus viewed the facts; however on appeal, we view the facts supporting a summary judgment through the same lens filter as the trial court.[9] Therefore, since the issue of correctness of the summary judgment on its merits is before us, we proceed to review it in the light most favorable to Mountain Bell.

Lack of an Accord

In denying summary judgment on the merits, the district court reasoned that the contract for snow removal in this case was severable, and that the scope of the accord was therefore limited to only part of the contract. According to this reasoning, the accord and satisfaction did not fully discharge the contract.[10]
Identifying which claim or claims are the subject of an accord and satisfaction depends on the manifested intent of the parties.[11] However, before we can determine the contractual intent of the parties, we must have a contract. There is no contractual intent to be discovered where there has been no mutual assent. In this case, the mutual assent for the would-be accord is lacking.[12]
From Mountain Bell’s point of view, the accord is contained essentially in its letter of June 14, 1985, to Estate Landscape. However, this letter is entirely unilateral; there is no indication that Estate Landscape assented to the letter as an accord. Its signature on the check is not an assent to an accord not found on the face of the check as a restrictive endorsement,[13] where the party to whom the accord is offered has expressly rejected the proposed accord, continued the dispute, and filed litigation to resolve it adversarially in court. It is therefore apparent that an accord was offered, a check tendered in anticipation that an accord would be reached, and a letter sent indicating what Mountain Bell intended and would do if the check were negotiated, but there is no indication of Estate Landscape’s assent to the accord. Even in the light most favorable to Mountain Bell, the evidence simply falls short of demonstrating Estate Landscape’s acceptance of Mountain Bell’s offer to settle the account. It would, perhaps, be possible to offer an accord and provide in the offer that cashing an accompanying check would be acceptance of the offer, since the offer- or can, within reason, specify the act that shall constitute acceptance.[14] However, the offeree can also reject the offer, after which there is nothing left to accept. We believe that the telephone conference continuing the dispute and the filing of litigation amount to a rejection of the offered accord. After the litigation was underway, there remained the question of what to do with Mountain Bell’s tendered check in Estate Landscape’s possession. Estate Landscape acted within its rights in cashing *420 check as payment of the portion of its claim that Mountain Bell agreed was owing; in fact, it may have had a duty so to act in order to properly mitigate its damages. Thus, even if we resolve any immaterial factual doubt in Mountain Bell’s favor, this appears to be a situation in which one party asserts an accord to which the other party, for all that appears, never agreed. In such a case, accord and satisfaction is not a defense for lack of a binding accord.

Compounding of Interest

Mountain Bell’s final argument is that, even if it is liable for the amount of the judgment, the interest on the judgment should not have been compounded. The general rule is that simple, not compound, interest accrues on a judgment, unless the parties contract otherwise,[15] which they have not in this case, or unless the statute providing for interest on judgments expressly requires compounding, which ours does not.[16]
This rule against compound interest on judgments is consistent with the general judicial disfavor of interest on interest.[17] It is also of long standing and forms part of the backdrop against which the Legislature has statutorily provided for interest on judgments. We see no compelling reason to alter this longstanding gloss on the judgment interest statute.[18] We therefore decline the invitation to engraft onto the statute judicial discretion to allow compound interest[19] and reverse as to the award of compound interest.
Except in regard to the interest provided in the judgment, the trial court’s decision is affirmed. We vacate the provisions of the judgment relating to interest and remand for amendment of the judgment to provide for simple, rather than compound, interest.
DAVIDSON, J., concurs.

. The contract required monthly statements, rather than a single statement at the end of the season. Mountain Bell claimed that Estate's failure to provide monthly billings was a breach, but the trial court found that the breach was not material, and thus, it did not excuse Mountain Bell from its obligations. See Nielson v. Droubay, 652 P.2d 1293, 1297 (Utah 1982); Darrell J. Didericksen & Sons, Inc. v. Magna Water and Sewer Improvement Dist., 613 P.2d 1116, 1119 (Utah 1980); 4 A. Corbin, Corbin on Contracts § 946 (1951). That finding is not contested on appeal.

. The check for $8,613 was to have been sent with the letter; however, Mountain Bell's accounting department mailed the check without the letter. Upon learning that the check had already been mailed, Mountain Bell sent its letter, which reached Estate Landscape before it cashed the check from Mountain Bell. Estate Landscape admits that it knew that the letter was in reference to the check it had received from Mountain Bell but had not as yet cashed.

. Note that the check was not enclosed, but rather had erroneously been sent earlier. Estate Landscape admitted, however, that it recognized that the letter referred to the check it had earlier received from Mountain Bell.

. This course of action was not erroneous. See National Expositions v. Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir.1987); British Caledonian Airways Ltd. v. First State Bank, 819 F.2d 593, 595 (5th Cir.1987); Pueblo of Santa Ana v. Mountain States Tel. & Tel. Co., 734 F.2d 1402, 1408 (10th Cir.1984), reversed on other grounds, 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985); Giovanelli v. First Fed. Savs. & Loan Ass’n, 120 Ariz. 577, 587 P.2d 763, 768 (1978); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2720 at 29-35 (1983); 6 J. Moore, W. Taggart & J. Wicker, Moore’s Federal Practice ¶ 56.12 (1987).
In the absence of a cross-motion, the trial court should', on its own initiative, assure that the moving party has had a fair opportunity to address the grounds for the adverse judgment. See Bonilla v. Nazario, 843 F.2d 34, 37 (1st Cir.1988). A careful practitioner would therefore file a cross-motion in an appropriate case, to avoid concerns over the adequacy of the movant’s opportunity to address all of the material issues. In this case, the district court, and this court as well, hold that Mountain Bell failed to carry its burden in establishing an accord. Mountain Bell bore in essence that same burden both in seeking summary judgment in its favor and in avoiding an adverse summary judgment. We therefore conclude that it had ample opportunity to establish an accord but has not succeeded in doing so.

. Mascaro v. Davis, 741 P.2d 938 (Utah 1987); Sittner v. Big Horn Tar Sands & Oil, Inc., 692 P.2d 735, 736 (Utah 1984); Salt Lake City Corp. v. James Constructors, Inc., 761 P.2d 42, 44-45 (Utah Ct.App.1988); Conder v. A.L. Williams & Assocs., 739 P.2d 634, 636 (Utah Ct.App.1987); see also State v. Lamper, 779 P.2d 1125, 1129 (Utah 1989) (extraordinary intervening circumstances justifying reconsideration of a decided issue).

. See Branham v. Provo School Dist., 780 P.2d 810 (Utah 1989); Blue Cross & Blue Shield v. State, 779 P.2d 634, 636 (Utah 1989); Atlas Corp. v. Clovis Nat’l Bank, Til P.2d 225, 299 (Utah 1987); Lantz v. National Semiconductor Corp., 775 P.2d 937 (Utah Ct.App.1989).

. Because a summary judgment motion can be denied for at least two reasons, either because judgment is not merited or because factual issues preclude a grant of summary judgment, a trial court decision denying summary judgment should be expressed in a brief, written statement, identifying the grounds for denying summary judgment. See Utah R. Civ.P. 52(a). In part because of the tentatively slanted view on the facts, findings are not ordinarily made in resolving a motion for summary judgment, even if the motion is resolved on the merits. The main purpose of findings is to resolve material factual issues, Acton v. J.B. Deliran, 737 P.2d 996 (Utah 1987), and summary judgment cannot be granted if such issues exist. See Taylor v. Estate of Taylor, 770 P.2d 163, 168 (Utah Ct.App.1989). Moreover, since the favorable factual viewpoint applied for summary judgment purposes is valid only for the motion at hand, the finality attributed to findings would perhaps tend to give too general a validity to a view of the facts that is entirely ad hoc.

. Wycalis v. Guardian Title of Utah, 780 P.2d 821, 824 (Utah Ct.App.1989), cert. denied, 789 P.2d 33 (1990).

. See Bennett v. Robinson’s Medical Mart, Inc., 18 Utah 2d 186, 417 P.2d 761 (1966); Dillman v. Massey Ferguson, Inc., 13 Utah 2d 142, 369 P.2d 296 (1962); cf. Marton Remodeling v. lensen, 706 P.2d 607, 608-09 (Utah 1985); Allen-Howe Specialties v. U.S. Constr., Inc., 611 P.2d 705 (Utah 1980). While we recognize that Mountain Bell’s letter may have had the effect of severing the contract, we do not reach that question, because, for lack of mutual assent, there was no contract to be severed.

.Quealy v. Anderson, 714 P.2d 667, 669 (Utah 1986) ("The scope of an accord and satisfaction is determined by the intention of the parties. ...”); see Petersen v. Petersen, 709 P.2d 372, 375 (Utah 1985).

. We therefore affirm, but for a reason differing somewhat from the trial court’s grounds for its decision. See Cox v. Hatch, 761 P.2d 556, 561 (Utah 1988).

. Cf. Cove View Excavating & Constr. Co. v. Flynn, 758 P.2d 474 (Utah Ct.App.1988), in which the acceptance of the accord was effected by negotiating a check bearing an assent to the accord on its face.

. Crane v. Timberbrook Village, Ltd., 774 P.2d 3, 4 (Utah Ct.App.1989).

. See Mountain States Broadcasting Co. v. Neale, 783 P.2d 551, 554-55 (Utah Ct.App.1989) (construing a note as not providing for compound interest).

. See Utah Code Ann. § 15-1-4 (1987); 47 CJ.S. Interest and Usury § 24 (1982).

. Watkins & Faber v. Whiteley, 592 P.2d 613, 616 (Utah 1979); Mountain States Broadcasting Co., 783 P.2d at 555.

. See Hackford v. Utah Power & Light Co., 740 P.2d 1281, 1283 (Utah 1987).

. See Stroud v. Stroud, 758 P.2d 905 (Utah 1988), aff’g 738 P.2d 649 (Utah Ct.App.1987).