EUGENE BIBB BAUGH, JR. v. JUANELLE CLEMENTS BAUGH

No. 7918DC324

(Filed 20 November 1979)

**Divorce and Alimony § 21.5— alimony—consent judgment—no enforcement by contempt**

> Since alimony was not a part of any judgment, original or amended by the trial court, there was nothing to enforce by contempt; rather, the separation agreement and stipulation of the parties never achieved more status than approval and sanction by the court, and a contract between husband and wife whereby he agrees to pay specified sums for her support may not be enforced by contempt proceedings even though the agreement has the sanction and approval of the court.

APPEAL by defendant from *Washington, Judge.* Order entered 2 January 1979 in District Court, GUILFORD County. Heard in the Court of Appeals 18 October 1979.

Plaintiff brought an action for absolute divorce in March 1973 based on a one-year separation. Defendant answered and counterclaimed. In the counterclaim, defendant asserted that plaintiff had abandoned her. Defendant sought alimony, both *pendente lite* and permanent, child support and a transfer to her of the jointly held home. Alimony *pendente lite* was awarded 14 March 1974.

On 24 April 1974, the parties entered into a deed of separation which purported to settle all claims of the parties against each other. The deed stated that it should be incorporated into the future divorce decree and survive the decree.

On 26 June 1974, the parties filed a stipulation which, among other things, noted that the parties had compromised their differences and had incorporated that compromise into the deed of separation. Thereafter, on the same day, Judge Alexander filed a judgment granting plaintiff an absolute divorce from defendant. No incorporation of the stipulation or deed was made.

Plaintiff failed to make alimony payments as provided in the deed, and on 13 May 1975, defendant filed a motion praying that plaintiff be held in contempt for failure to pay alimony. Plaintiff answered, and negotiations between the parties ensued.

On 9 July 1975, an amended judgment by consent was entered by Judge Walter Clark. The amended judgment provided:

1. A new schedule for payment of alimony in lieu of that set forth in paragraph 7 of the stipulation.

2. That the payment of alimony would be enforceable by appropriate contempt proceedings.

3. That defendant would withdraw her motion of 13 May 1975.

For a second time, it appeared that the parties had successfully compromised their differences and agreed upon a consent judgment. However, on 26 April 1978, plaintiff filed a motion in the cause seeking a declaration that the deed was unenforceable by contempt and that the consent order of 9 July 1975 was improperly of record and unenforceable by contempt under any circumstances. Defendant countered on 4 May 1978 in a motion to the court requesting that plaintiff be held in contempt for failure to comply with the court's order concerning the payment of alimony.

On 2 January 1979, Judge Washington found facts and made conclusions of law providing that the deed and stipulation are civil in nature and not enforceable by contempt; that the judgment by consent is void. The court thereupon allowed plaintiff's motion for a declaratory judgment to that effect.

Defendant appealed.

*Max D. Ballinger, for plaintiff appellee.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah, for defendant appellant.*

HILL, Judge.

Defendant made twenty-one exceptions in this cause, condensing them into three questions on appeal. We believe the following issue encompasses the questions before the Court:

Are the deed and stipulation incorporated into the judgment granting absolute divorce and adopted by the court as its own determination of the rights and obligations of the parties?

*Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964), discussed in detail the two kinds of consent judgment which provide for payment to the wife.

> In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony. *Bunn,* at p. 69.

*Bunn* indicates further that a contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings. A judgment of the second type is an order of the court, may be modified by the court at any time, and is enforceable by contempt.

A careful examination of the record reflects that nowhere in either the original judgment entered on 26 June 1974, or the amended consent judgment entered on 9 July 1975, does there appear an order by the court compelling the husband to pay alimony. The amended consent judgment amends the stipulation to provide for payment of different monthly installments and states that the same shall be paid into the office of the clerk of court and be enforceable by appropriate contempt proceedings. However, the parties were already divorced at this time, and there could be no alimony per se at the time of entry of the amended judgment by consent.

Although an order granting alimony may be modified, when a party has secured an absolute divorce, it is beyond the power of the court thereafter to enter a new order for alimony. *See* G.S. 50-16.9(a); *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). The original stipulation is not a judgment and never became one, subject to enforcement as a part of any judgment.

In like manner the separation agreement must stand alone. It was not incorporated into any judgment so as to become a part thereof.

Since alimony is not a part of any judgment, original or amended, there is nothing to enforce by contempt. *Holden v. Holden, infra.*

We must conclude that the separation agreement and stipulation never achieved more status than approval and sanction by the court.

A contract between husband and wife whereby he agrees to pay specified sums for her support may not be enforced by contempt proceedings even though the agreement has the sanction and approval of the court. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118 (1956); *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118 (1946); *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529 (1944); *Britt v. Britt,* 36 N.C. App. 705, 245 S.E. 2d 381 (1978).

The decision of Judge Washington in this cause is

Affirmed.

Judges VAUGHN and ERWIN concur.