22014

Juanelle Clements BAUGH, Appellant, v. Eugene Bibb BAUGH, Jr., Respondent

(309 S. E. (2d) 756)

*deRosset Myers*, Charleston, *for appellant.*

*Edward K. Pritchard, Jr.*, Charleston, *for respondent.*

December 5, 1983.

HARWELL, Justice:

Appellant Juanelle Clements Baugh initiated this action under the Uniform Reciprocal Enforcement of Support Act (URESA) against her former husband, respondent Eugene Bibb Baugh, Jr. We affirm the family court's dismissal of the URESA action and reverse its award of affirmative relief to respondent.

Appellant and respondent were granted a divorce in North Carolna on June 26, 1974. Under the separation agreement, respondent was to relinquish his interest in the marital home and pay appellant a scheduled amount of alimony per month. In return, appellant withdrew her demand for a jury trial and attorneys' fees and agreed to assume the mortgage and other liens on the house. Although the separation agreement provided for its incorporation into the divorce decree, the divorce judgment did not incorporate it.

In May of 1975, appellant requested a North Carolina court to hold respondent in contempt for failure to pay alimony. The parties then agreed to an amended consent judgment with a new schedule of alimony payments, to be enforceable by contempt.

In April of 1978, respondent sought a declaratory judgment that the agreement was not enforceable by contempt. The North Carolina trial judge agreed that the agreement was contractual and not enforceable by contempt. The North Carolina Court of Appeals affirmed. *Baugh v. Baugh*, 44 N. C. App. 50, 260 S. E. (2d) 161 (1979). The appellate court concluded that, although an order granting alimony may be modified, it is beyond the power of the court thereafter to enter a new order for alimony.

Appellant subsequently brought this URESA action in North Carolina trial court, which forwarded the matter to South Carolina Family Court. She asserts that

the South Carolina family court judge erred in refusing to find a duty of support by respondent enforceable under URESA, S. C. Code Ann. § 20-7-960, et seq. (1982 Cum. Supp.). We disagree. URESA was not intended to be a separate means of creating a support obligation; it was designed to improve and extend enforcement of these obligations against obligors in other states. *Wilson v. Wilson*, 274 S. C. 516, 266 S. E. (2d) 65 (1980). The North Carolina courts have already determined that no enforceable support obligation exists. *Baugh v. Baugh, supra.* The URESA remedies are not intended to substitute for other available remedies. S. C. Code Ann. § 20-7-1000 (1982 Cum. Supp.). Appellant's remedy is contractual.

The family court judge also correctly ruled that he lacked power to order payment of arrearages. The question of arrearages claimed under unincorporated separation agreements is one of contract over which a responding URESA state lacks jurisdiction, unless the action involves arrearages under a previous URESA order. *Wilson v. Wilson, supra.*

Appellant further asserts that the family court erred in holding the hearing in South Carolina without notice to her North Carolina attorney. We do not condone the confused nature of the proceedings below. Nevertheless, appellant has proved no ensuing prejudice. Moreover, Code § 20-7-1080 (1982) provides that the county attorney or other statutory officer "shall respresent the plaintiff" in these actions. Section 20-7-1120 (1982) provides for notice to the county attorney upon the filing of these actions. This argument lacks merit.

Finally, appellant asserts that the family court lacked subject matter jurisdiction to order affirmative relief. We agree. The judge erroneously ordered appellant to return to respondent the support payments which he had paid her, as well as title to one-half of the real property. The purpose of URESA actions to facilitate enforcement of support obligations is not served by ordering repayment of amounts paid pursuant to separation agreements. The subject matter jurisdiction of the original court in URESA actions may be raised at any time. The court's action in excess of

jurisdiction is void. *Hoover v. Hoover*, 217 S. C. 177, 246 S. E. (2d) 179 (1978).

The judgment of the family court is, accordingly, affirmed as to the dismissal of appellant's URESA action and reversed as to the award of affirmative relief to respondent.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.